UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

ROY A. DURHAM, JR.,
   Plaintiff,

Case No. 1:13-cv-226

vs

Weber, J.
Litkovitz, M.J.

ROB JEFFREYS, et al.,
   Defendants.

**ORDER**

This *pro se* prisoner civil rights action filed pursuant to 42 U.S. § 1983 is before the Court on plaintiff's motions for extension of time in which to file his response to a Deficiency Order issued April 15, 2013 (Docs. 4-6); plaintiff's motion for voluntary dismissal of complaint and subsequent motion to disregard the motion for voluntary dismissal of complaint (Docs. 16-17); and plaintiff's motion for extension of time in which to file an amended complaint in accordance with and as allowed by this Court in an Order issued June 26, 2013. (Doc. 18; *see also* Doc. 14).

Plaintiff's motions for extension of time to file a response to the Deficiency Order issued April 15, 2013 (Docs. 4-6) are **DENIED** as moot. On May 31, 2013, plaintiff filed a motion for leave to proceed *in forma pauperis* in response to the Deficiency Order (Doc. 7), which was granted on June 10, 2013. (*See* Doc. 8).

Plaintiff's motion to disregard his motion for voluntary dismissal of the complaint (Doc. 17) is **GRANTED**. Therefore, the motion for voluntary dismissal of the complaint (Doc. 16) is **DENIED** as moot.

Plaintiff's motion for extension of time to file an amended complaint (Doc. 18) is

**GRANTED.**[1] On August 1, 2013, plaintiff filed a rambling, handwritten, 339-page amended complaint against 99 defendants, in which he challenges not only his treatment at Warren Correctional Institution (as alleged in the original complaint), but also his treatment stemming from numerous incidents that have occurred over the years, beginning in September 2010 when he was incarcerated at Trumbull Correctional Institution (TCI) and, thereafter, when he was incarcerated at Toledo Correctional Institution (ToCI) and Ross Correctional Institution (RCI). (*See* Doc. 19).

Plaintiff's amended complaint fails to comply with Fed. R. Civ. P. 8(a), which provides that the complaint contain a "short and plain statement of the claim." Because of its length, level of detail and the over-inclusive nature of plaintiff's allegations stemming from numerous incidents that allegedly occurred in various Ohio prisons since September 2010, the amended complaint presents a difficult, if not impossible, challenge to the defendants in preparing a responsive pleading and for the court to conduct orderly litigation. *Cf. Flayter v. Wisconsin Dep't of Corr.*, 16 F. App'x 507, 508-09 (7th Cir. 2001) (concluding that the district court could have dismissed the 116-page complaint for failure to comply with Fed. R. Civ. P. 8 in case where the complaint set forth "in tedious and difficult-to-follow detail what appears to be every request for medical attention Flayter made while in . . . custody and every medical examination he has had since his injury in 1990" and contained allegations "relating to numerous different incidents and defendants"); *see also Banks v. Doe*, __ F. App'x __, No. 13-1091, 2013 WL 3822132 (10th

---

[1] In an Order filed on June 26, 2013, this Court granted plaintiff permission to file an amended complaint despite the prior issuance of an Order and Report and Recommendation opening the case with respect to some of the claims alleged in the original complaint, but recommending the dismissal of certain defendants and plaintiff's claims for injunctive relief for failure to state a claim upon which relief may be granted. (*See* Docs. 9, 14). Plaintiff was ordered to file the amended complaint within twenty-one days and was informed that the amended complaint would be "*sua sponte* reviewed pursuant to 28 U.S.C. § 1915(e)(2)(B) for determination as to whether or not the amended complaint is subject to dismissal on the ground of frivolousness or for failure to state a claim for relief that may be granted by this Court." (Doc. 14, pp. 2-3).

Cir. July 25, 2013) (affirming *sua sponte* dismissal of action for non-compliance with Rule 8 in case where the amended complaint expanded from 28 pages to 91 pages with over 30 defendants, and was based on "numerous instances of allegedly illegal and unconstitutional treatment [from May 2009 through December 2012] while [the plaintiff] was housed in different detention facilities"); *Levinson v. WEDU-TV*, 505 F. App'x 919, 920 (11th Cir. 2013) (per curiam) (finding no error by the district court in dismissing case without prejudice where the plaintiff originally filed a 500-page "petition" and 300-page "addendum" and, in response to the court's order to submit a short and plain statement of his claim, thereafter filed a 263-page amended complaint); *Binsack v. Lackawanna Cnty. Prison*, 438 F. App'x 158, 160 (3rd Cir. 2011) (per curiam) (affirming dismissal of a complaint "totaling almost 200 pages," which was "so excessively voluminous and unfocused as to be unintelligible," for failure to comply with Rule 8). The original complaint satisfies Rule 8 to the extent that it is based on incidents occurring within a discreet time-frame while plaintiff was incarcerated at Warren Correctional Institution. In contrast, the amended complaint, which has expanded in length from 33 to 339 pages, contains numerous additional allegations and defendants based on incidents that allegedly occurred over the course of several years, including at other prisons (*i.e.*, TCI, ToCI, and RCI) located within the Northern District of Ohio and the Eastern Division of Ohio's Southern District and thus outside the venue jurisdiction of this Court. The new pleading is simply too voluminous and unfocused to meet the requirements of Fed. R. Civ. P. 8.[2]

Nevertheless, the undersigned will allow the *pro se* plaintiff the opportunity to resubmit

---

[2] It is also noted that to the extent that plaintiff seeks relief under 42 U.S.C. § 1983 based on incidents that took place over two years prior to the filing of the instant action, such claims may be time-barred. *See, e.g., Browning v. Pendleton*, 869 F.2d 989, 992 (6th Cir. 1989) (holding that the "appropriate statute of limitations for . . . § 1983 civil rights actions arising in Ohio is contained in Ohio Rev. Code § 2305.10, which requires that actions for bodily injury be filed within two years after their accrual"); *see also Wallace v. Kato*, 549 U.S. 384, 387 (2007) (and Supreme Court cases cited therein); *Zundel v. Holder*, 687 F.3d 271, 281 (6th Cir. 2012).

3

an amended complaint, which complies with Fed. R. Civ. P. 8. Specifically, plaintiff is **DIRECTED** to file a second amended complaint, **which must not exceed 20 pages in length**, setting forth in short and concise terms his claims for relief. The second amended complaint must be limited to causes of action that arose in a location that is covered by this Court's venue jurisdiction (*i.e.*, Warren Correctional Institution) based on incidents occurring within two years of the filing of the instant action.[3] Any amended complaint submitted in compliance with the instructions provided herein must be filed **within twenty-one (21) days** of the date of filing of this Order. Plaintiff is hereby **NOTIFIED** that if he fails to comply with this Order without seeking reinstatement of his original complaint, or if he files a second amended complaint that does not comport with this Court's instructions set forth herein, the action may be dismissed for failure to comply with Fed. R. Civ. P. 8.

**IT IS SO ORDERED.**

Date: 8/19/13

Karen L. Litkovitz
United States Magistrate Judge

---

[3] To the extent that plaintiff would like to pursue claims stemming from incidents that occurred at TCI, ToCI or RCI, he must file separate complaints with the appropriate courts located in the Northern District of Ohio and/or Eastern Division of the Southern District of Ohio.

4

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

    Roy A. Durham, Jr.
    A540058
    Lebanon Corr. Inst.
    PO Box 56
    Lebanon, OH 45036

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
   X _____  ☒ Agent  ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below:   ☐ No

3. Service Type
   ☒ Certified Mail   ☐ Express Mail
   ☐ Registered       ☐ Return Receipt for Merchandise
   ☐ Insured Mail     ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
   (Transfer from service label)

   7011 3500 0001 5345 9343

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540