## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

ROY A. DURHAM,                                           Case No. 1:13-cv-226
      Plaintiff,

                                                Weber, J.
      vs.                                            Litkovitz, M.J.

WARDEN MICHAEL SHEETS, *et al*.,                         **ORDER AND REPORT**
      Defendants.                                   **AND RECOMMENDATION**

        Plaintiff, an inmate at the Southern Ohio Correctional Facility (SOCF), brings this prisoner civil rights action under 42 U.S.C. § 1983 alleging violations of his constitutional rights by employees of the Warren Correctional Institution (WCI).  This matter is before the Court on plaintiff's motion to file a third amended complaint and for an extension of time by which to respond to defendants' second motion for judgment on the pleadings.  (Doc. 68).  For the following reasons, the undersigned recommends that plaintiff's motion to file a third amended complaint be denied.

        Plaintiff, proceeding pro se and *in forma pauperis*, filed his initial complaint in April 2013 naming as defendants WCI employees Rob L. Jeffreys, Michael Sheets, defendant Johnson, Rudolph Pringles, Lieutenant Little, Officer Keesler, Officer Reese, and Rodney McIntosh. (Doc. 1).  Following the Court's review of the complaint pursuant to 28 U.S.C. § 1915A, the undersigned recommended that plaintiff's claims against defendants Jeffreys, Sheets, and McIntosh be dismissed for failure to state an actionable claim for relief under 42 U.S.C. § 1983. (Doc. 9).  Plaintiff subsequently moved for and was granted leave to amend his complaint to provide full names of the defendants and to include additional defendants, facts, and claims. (Docs. 13, 14).  On August 1, 2013, plaintiff filed a 339-page amended complaint against 99 defendants.  (Doc. 19).  The undersigned found that the amended complaint was too voluminous

and unfocused to meet the requirements of Federal Rule of Civil Procedure 8, but granted plaintiff leave to file a second amended complaint not to exceed 20 pages in length.  (Doc. 22).

Plaintiff submitted his 20-page second amended complaint on September 9, 2013.  (Doc. 28).  In November 2013, the undersigned recommended that certain portions of plaintiff's second amended complaint be dismissed for failure to state a claim, including plaintiff's claims against defendants Rodney McIntosh, Parvez Sarwar, Maggard, and Bush, and plaintiff's claims related to being placed in segregation, the denial of recreational and telephone privileges, and claims related to defendant Romanak's failure to protect against loss of plaintiff's property.  (Doc. 35).  The November 2013 Report and Recommendation was adopted on January 8, 2014, by the District Judge.  (Doc. 40).

On May 14, 2014, the undersigned entered an order regarding plaintiff's failure to effect service of process on the following named defendants: Rudolph Pringles, Rodney Taylor, Stephen Blake, Rosalie Battles, Lieutenant U.D. Johnson, Corrections Officer Jeromy Montgomary, Corrections Officer Juishua Muller, Corrections Officer Danie Lane, Sandra Crawford, Corrections Officer Daniel Lang, Corrections Officer Anthony Johnson, Timothy Radeffer, Corrections Officer Keith Lawson, Corrections Officer Frank Bailey, Lieutenant Phil Walker, Doctor Kenneth Washington, Nancy Frye, Gary Mohr, Gary Croft, Eugene Hunyadi, and Don Coble.  (Doc. 54).  Plaintiff was ordered to submit copies of his second amended complaint and summons forms *for each defendant* by June 13, 2014; upon receipt of sufficient copies of these documents, service of process would be completed by the United States Marshal. (Doc. 54 at 5).  Plaintiff failed to comply with this Order and on August 20, 2014, the Court entered an order requiring plaintiff to show cause why his claims against the unserved defendants should not be dismissed for failure of service.  (Doc. 60).

Plaintiff's response to the Court's show cause order was not well-taken and on September 16, 2014, the Court ordered plaintiff to submit completed summons forms and copies of his second amended complaint for each of the unserved defendants named on or before October 30, 2014, so that service could be made by the United States Marshal.  (Doc. 66).  Plaintiff was put on notice that his failure to comply with this Order would result in a recommendation that his claims against the unserved defendants be dismissed for failure to effect service of process.  (*Id.* at 4).

Plaintiff did not submit the summons forms and copies of his second amended complaint as ordered by October 30, 2014.  Instead, he filed a motion for leave to file yet another amended complaint and requested that the Court deny the pending motion for judgment on the pleadings filed by defendants Rob Jeffreys, Justin Johnson, Adam Keesler, Joseph Little, Justin Reese, and Michael Sheets.  (Doc. 68).  On November 17, 2014, plaintiff submitted copies of the proposed third amended complaint[1] and summons forms for some, but not all of the previously named and unserved defendants and for individuals not previously named as defendants.  Further, at forty pages, the proposed third amended complaint does not comply with the Court's prior order limiting the length of plaintiff's complaint to 20 pages.  *See* Doc. 22.

Plaintiff's failure to adhere to this Court's September 16, 2014 Order to submit copies of his second amended complaint and summons forms for the named and unserved defendants identified in his second amended complaint – the operative complaint in this matter – warrants dismissal of his claims against the unserved defendants.  Proper service of process is required in order for this Court to obtain in personam jurisdiction over each defendant.  *O.J. Distrib., Inc. v. Hornell Brewing Co., Inc.*, 340 F.3d 345, 353 (6th Cir. 2003).  Plaintiff bears the burden of

---

[1]Plaintiff's proposed third amended complaint has been filed by the Clerk of Court as an attachment to his motion for leave to file a third amended complaint.  *See* Doc. 68, Ex. 1.

exercising due diligence in perfecting service of process and of showing that proper service has been made. *Habib v. General Motors Corp.*, 15 F.3d 72, 74-5 (6th Cir. 1994). *See also Byrd v. Stone*, 94 F.3d 217 (6th Cir. 1996). In the absence of a showing of good cause justifying the failure to timely serve the complaint, the Court may either dismiss the complaint without prejudice or direct that service of process be effected within a specified time. *See* Fed. R. Civ. P. 4(m). Rule 4(m) provides, in pertinent part, as follows:

> If a defendant is not served within 120 days after the complaint is filed, the court-- on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

 Fed. R. Civ. P. 4(m).

Plaintiff has had multiple opportunities to file a complaint which encompasses all of his claims and to submit the proper forms to effect service in this case. Plaintiff initiated this lawsuit over 19 months ago when he filed his initial 33-page complaint. (Doc. 1). After seeking leave to amend his complaint to include additional facts and defendants, plaintiff filed an amended complaint in excess of 300 pages which named nearly 100 individual defendants. (Doc. 19). Upon Court order, plaintiff then filed a 20-page second amended complaint naming additional defendants on September 9, 2013. (Doc. 28). Plaintiff took no action whatsoever to effect service of process on these newly named defendants until one year later and only after the Court ordered plaintiff to show cause. Yet, despite the Court's clear direction to provide summons and copies of his second amended complaint for the 21 unserved defendants, *see* Doc. 66 at 2, plaintiff failed to comply with this Order. Instead, he submitted copies of a different, unapproved third amended complaint raising new claims and adding new defendants, and submitted summons forms for only some of the identified unserved defendants. Neither the

Court nor the defendants should have to guess at the ever-changing nature of plaintiff's claims or the identity of the individuals who may ultimately be liable for such claims. The Court has repeatedly afforded plaintiff the leniency due his pro se status to prosecute this action. Nevertheless, every pro se litigant is responsible for complying with Court orders and, as stated by the Supreme Court, "we have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel." *McNeil v. United States*, 508 U.S. 106, 113 (1993). Plaintiff was explicitly put on notice that his failure to comply with the Court's September 16, 2014 Order would result in a recommendation that his claims against the unserved defendants be dismissed for failure to effect service of process. Plaintiff did not comply with this Order and his failure warrants dismissal of his claims against the unserved defendants pursuant to Fed. R. Civ. P. 41(b). *See Jourdan v. Jabe*, 951 F.2d 108, 109-10 (6th Cir. 1991). *See also Link v. Wabash R.R.*, 370 U.S. 626, 630-31 (1962) (courts have the power to *sua sponte* dismiss civil actions for want of prosecution to "manage their own affairs so as to achieve the orderly and expeditious disposition of cases"). Accordingly, the undersigned recommends that plaintiff's claims against the unserved defendants be dismissed in their entirety.

To the extent that plaintiff seeks an extension of time by which to respond to defendants' motion for judgment on the pleadings, *see* Doc. 68, plaintiff's request is **GRANTED**. Plaintiff is granted an extension of **thirty (30) days** from the entry of this Order by which to file his response to defendants' motion for judgment on the pleadings.

In conclusion, it is **RECOMMENDED** that plaintiff's motion to file a third amended complaint (Doc. 68) be **DENIED** and that plaintiff's claims against the unserved defendants

named in plaintiff's second amended complaint be **DISMISSED** in their entirety.[2]

Plaintiff is hereby **ORDERED** to file a response to defendants' judgment on the pleadings within **thirty (30) days** of the entry of this Order.


Date:   11/25/14                                    s/Karen L. Litkovitz
                                                    Karen L. Litkovitz
                                                    United States Magistrate Judge

---

[2]If this recommendation is adopted, the only remaining defendants in this action will be Rob Jeffreys, Warden Michael Sheets, Justin Johnson, Joseph Little, Adam Keesler, and Justin Reese.

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

ROY A. DURHAM,                                          Case No. 1:13-cv-226
       Plaintiff,

                                              Weber, J.
       vs.                                             Litkovitz, M.J.

WARDEN MICHAEL SHEETS, *et al*.,
       Defendants.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.   This period may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).