UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| ROY A. DURHAM, | : | Case No. 1:13-cv-226 |
| | : | |
| Plaintiff, | : | Judge Timothy S. Black |
| | : | Magistrate Judge Karen L. Litkovitz |
| vs. | : | |
| | : | |
| WARDEN MICHAEL SHEETS, *et al.*, | : | |
| | : | |
| Defendants. | : | |

**ORDER DENYING PLAINTIFF'S
MOTION FOR RECONSIDERATION (Doc. 77)**

This civil action is before the Court on Plaintiff's Motion for Reconsideration. (Doc. 77). Defendants did not file a responsive memorandum.

**I.      STATEMENT OF THE CASE**

The Court recites only portions of the lengthy procedural history in this civil action more fully set forth by the Magistrate Judge. (Docs. 35, 54, 69). Plaintiff Roy A. Durham filed the initial complaint in this action on April 3, 2013. (Doc. 1). Plaintiff brought suit under 42 U.S.C. § 1983 alleging that several employees at Warren Correctional Institution ("WCI") violated his constitutional rights during his incarceration at WCI. (*Id.*) The Court subsequently granted leave for Plaintiff to file an amended complaint and, on August 1, 2013, Plaintiff filed a 339-page amended complaint against 99 defendants. (Doc. 19). The Magistrate Judge found that Plaintiff's amended complaint did not contain a "short and plain statement of the claim" and granted leave to file a second amended complaint not to exceed 20 pages. (Doc. 22).

On September 9, 2013, Plaintiff filed his 20-page second amended complaint. (Doc. 28). After a *sua sponte* review pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A, the Court concluded that Plaintiff's second amended complaint failed to state a claim upon which relief may be granted with respect to several Defendants and dismissed them from the case. (Docs. 35, 40). On October 17 and November 12, 2013, Plaintiff filed motions to attach almost 250 pages of exhibits to his second amended complaint. (Docs. 30, 34). The Court granted these motions and ordered that the exhibits attached to the motions were to be included as exhibits to Plaintiff's second amended complaint. (Doc. 35 at 11).

Plaintiff subsequently failed to submit completed summons and USM 285 forms for many of the Defendants named in his second amended complaint, and the Court dismissed these unserved defendants for failure of service of process. (Docs. 69, 75). Accordingly, Defendants Rob Jeffreys, Warden Michael Sheets, Justin Johnson, Joseph Little, Adam Keesler, and Justin Reece are currently the only Defendants in this action. (Doc. 75 at 2).

On September 5, 2014, Defendants filed their Second Motion for Judgment on the Pleadings. (Doc. 65). On October 14, 2014, in lieu of filing a response, Plaintiff filed a motion for leave to file a third amended complaint and requested that the Court deny Defendants' Second Motion for Judgment on the Pleadings. (Doc. 68). Plaintiff attached a 64-page proposed third amended complaint that named several new Defendants and included additional factual allegations. (*Id.*, Ex. 1).

On November 26, 2014, the Magistrate Judge issued a Report and Recommendations that recommended denying Plaintiff's motion for leave to amend. (Doc. 69).  The Magistrate Judge also granted Plaintiff a thirty-day extension to file a response to Defendants' Second Motion for Judgment on the Pleadings.  (*Id.*)  Plaintiff filed Objections on December 29, 2014.  (Doc. 74).  On December 31, 2014, the Court overruled Plaintiff's Objections, adopted the Report and Recommendations of the Magistrate Judge, and denied Plaintiff's motion for leave to file a third amended complaint.  (Doc. 75).

Plaintiff now moves for reconsideration of the Order denying his motion for leave to file a third amended complaint.  (Doc. 77).

## II. STANDARD OF REVIEW

While the Federal Rules of Civil Procedure do not provide for motions for reconsideration, *Westerfield v. United States*, 366 F. App'x 614, 619 (6th Cir. 2010), district courts have authority under both common law and Rule 54(b) to reconsider interlocutory orders and to reopen any part of a case prior to the entry of final judgment. *Rodriguez v. Tenn. Laborers Health & Welfare Fund*, 89 F. App'x 949, 959 (6th Cir. 2004).  Nevertheless, "motions for reconsideration are disfavored."  *Davie v. Mitchell*, 291 F. Supp. 2d 573 (N.D. Ohio 2003).  Thus, "courts will [only] find jurisdiction for reconsidering interlocutory orders where there is (1) an intervening change of controlling law; (2) new evidence available; or (3) a need to correct a clear error or prevent manifest injustice."  *Louisville/Jefferson Cnty. Metro Gov't v. Hotels.com, L.P.*, 590 F.3d 381, 389 (6th Cir. 2009).  "Generally, a manifest injustice or a clear error of law requires unique

3

circumstances, such as injunctive relief scenarios or superseding factual scenarios." *McWhorter v. ELSEA, Inc.*, 2:00-cv-473, 2006 WL 3483964, at *2 (S.D. Ohio Nov. 30, 2006). Ultimately, this Court possesses "significant discretion" in determining whether to reconsider an interlocutory order. *Rodriguez*, 89 F. App'x at 959 n.7.

### III. ANALYSIS

Plaintiff moves the Court to reconsider its December 31, 2014 Order overruling Plaintiff's Objections to the Report and Recommendations of the Magistrate Judge and denying Plaintiff's motion for leave to file a third amended complaint. Plaintiff contends that the Court overlooked several factors that support granting him leave to amend.

First, Plaintiff asserts that his third amended complaint alleges injuries attributable to the six current Defendants that were inflicted after Plaintiff filed his second amended complaint. (Doc. 77 at ¶¶ 1, 4). However, Plaintiff argues elsewhere in the motion that the third amended complaint merely restates his claims against these Defendants that are already contained in the second amended complaint and attached exhibits. (*Id.* at ¶ 6). The Court previously ordered that these exhibits are considered attachments to Plaintiff's second amended complaint. (Doc. 35 at 2-3). Accordingly, leave to amend is unnecessary because Plaintiff has already pled these allegations.

Second, Plaintiff maintains that medical staff and correctional officers at other institutions have purposefully failed to document Plaintiff's injuries or issued false conduct reports in an attempt to help Defendants avoid civil liability. (Doc. 77 at ¶ 2).

4

Plaintiff notes that he has filed two separate actions based on these allegations.  (*Id.*)[1] Accordingly, Plaintiff has a separate forum to seek redress for these alleged injuries and granting leave to amend would only serve to unnecessarily duplicate proceedings.

Finally, Plaintiff alleges that grievance officers at WCI and four subsequent institutions have prevented Plaintiff from exhausting his administrative remedies by withholding grievance forms.  (Doc. 77 at ¶ 3).  Plaintiff also notes that the additional defendants named in his proposed third amended complaint have not yet asserted the affirmative defense of failure to exhaust administrative remedies.  (*Id.* at ¶ 5).  The Court has afforded Plaintiff ample opportunity to fully and completely plead his allegations against the six Defendants.  Plaintiff has not explained why he was previously unable to assert these allegations.

Additionally, the fact that potential new defendants have not yet pleaded the affirmative defense of failure to exhaust administrative remedies, which is due solely to their status as non-parties, does not support granting leave to amend.  Plaintiff's proposed claims against these persons relate to injuries Plaintiff allegedly suffered during his incarceration at different institutions.   Including claims based on distinct and unrelated conduct would not further the just and speedy administration of justice and could potentially result in duplicative proceedings.

On February 6, 2014, the Court entered a Calendar Order that established a discovery deadline of August 6, 2014 and a dispositive motions deadline of September 6,

---

[1] *Roy Durham v. Ernie Moore, et al.*, 1:14-cv-816; *Roy Durham v. Gary Mohr, et al.*, 2:14-cv-581.

2014. (Doc. 47). On September 5, 2014, Defendants timely filed their Second Motion for Judgment on the Pleadings. (Doc. 65). Plaintiff filed his motion for leave to file a third amended complaint on October 14, 2014. (Doc. 68). A calendar order may be modified "only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "The primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the case management order's requirements." *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002). Another important factor is whether the opposing party will suffer prejudice. *Andretti v. Borla Performance Indus., Inc.*, 426 F.3d 824, 830 (6th Cir. 2005). A plaintiff seeking leave to file an amended complaint after the deadline must first show good cause under Rule 16(b) before the Court can consider whether leave to amend is proper under Rule 15(a). *Leary v. Daeschner*, 349 F.3d 888, 909 (6th Cir. 2003).

The overarching purpose of a Calendar Order is "to ensure that 'at some point both the parties and the pleadings will be fixed.'" *Leary*, 349 F.3d at 909 (quoting Fed. R. Civ. P. 16, 1983 advisory committee's notes). Parties proceeding *pro se* are not excused for complying with easily understood procedural rules and deadlines. *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). Plaintiff has failed to comply with the directives of multiple Orders to Show Cause. (Docs. 54, 60, 66). Plaintiff has not shown that he has proceeded with diligence and Defendants would clearly suffer prejudice if they were essentially required to restart the litigation based on a third amended complaint.

Plaintiff has not met the strict burden of demonstrating that the Court committed a clear error of law or that reconsideration is necessary to prevent a manifest injustice. Accordingly, Plaintiff's motion for reconsideration is not well taken.

## IV.   CONCLUSION

Wherefore, for these reasons, Plaintiff's Motion for Reconsideration (Doc. 77) is **DENIED**.

   **IT IS SO ORDERED.**

Date:  5/11/15                             *s/ Timothy S. Black*
                                           Timothy S. Black
                                           United States District Judge