UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

ROY A. DURHAM,
    Plaintiff,

vs.

WARDEN MICHAEL SHEETS, *et al.*,
    Defendants.

Case No. 1:13-cv-226

Black, J.
Litkovitz, M.J.

**ORDER**

    Plaintiff, an inmate at the Toledo Correctional Institution (TCI) and former inmate at the Warren Correctional Institution (WCI), brings this prisoner civil rights action under 42 U.S.C. § 1983 alleging violations of his constitutional rights by WCI employees. This matter is before the Court on defendants Rob Jeffreys, Warden Michael Sheets, Justin Johnson, Joseph Little, Adam Keesler, and Justin Reese's second motion for judgment on the pleadings (Doc. 65), plaintiff's response in opposition (Doc. 83), and defendants' reply memorandum (Doc. 88).

    This matter is also before the Court on: (1) plaintiff's motion to prevent dismissal for lack of prosecution (Doc. 79); (2) plaintiff's submission of Exhibits RE1-RE33 (Doc. 81), plaintiff's second submission of exhibits (Doc. 84), and plaintiff's re-submitted exhibits (Doc. 85); and (3) plaintiff's supplemental complaint (Doc. 82).

**I. Defendants' Motion for Judgment on the Pleadings and Plaintiff's Exhibits (Docs. 65, 81, 84, 85)**

    The controlling pleading in this matter is plaintiff's second amended complaint and the approximately 240 additional pages of exhibits plaintiff submitted in connection thereto. *See* Docs. 28, 30, 34. Upon review of the parties' briefings submitted in connection with defendants' Fed. R. Civ. P. 12(c) motion for judgment on the pleadings (Doc. 65), it is apparent that both parties rely on matters outside of plaintiff's second amended complaint in support of their arguments regarding whether plaintiff failed to exhaust his administrative remedies prior to filing

the instant lawsuit. *See* Doc. 81 (on March 26, 2015, plaintiff filed 172 pages of exhibits marked Exhibits RE1 through RE33 for the Court to consider in connection with his response in opposition to defendants' motion for judgment on the pleadings); Doc. 84 (on April 7, 2015, the same day he filed his response in opposition to defendants' motion for judgment on the pleadings, plaintiff filed a "Submission of Exhibits" RE-38-40 and LE 26-27, which he requests be considered as part of his pleading); Doc. 85 (on April 15, 2015, plaintiff filed another submission of exhibits marked Exhibits RE1 through RE40 and LE1 through LE28, to ensure the Court had a complete copy of these documents. *See also* Doc. 88 (defendants refer to and rely on the exhibits filed by plaintiff throughout their reply memorandum to support their claim that they are entitled to judgment as a matter of law because plaintiff did not exhaust his administrative remedies before initiating this litigation).

The Court is not permitted to consider matters beyond the pleading in resolving a motion for judgment on the pleadings brought under Fed. R. Civ. P. 12(c) without converting it into a summary judgment motion under Fed. R. Civ. P. 56. *See Max Arnold & Sons, LLC v. W.L. Hailey & Co., Inc.*, 452 F.3d 494, 503-04 (6th Cir. 2006) (holding that unless a court excludes materials presented outside of the pleading in considering a Rule 12(c) motion, the motion must be converted to a Fed. R. Civ. P. 56 motion for summary judgment). *See also* 5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1371 (3d ed. 2004) ("[A] district court could consider evidence outside the pleadings on a motion under Rule 12(c), and, upon acceptance of that material, would regard the motion as one for summary judgment."). Because both parties rely on materials outside the pleadings, the Court must convert defendants' Fed. R. Civ. P. 12(c) motion for judgment on the pleadings into a motion for summary judgment under Fed. R. Civ. P. 56. *See Max Arnold*, 452 F.3d at 503-04.

The current format of the parties' memoranda requires the Court to cull through nearly 700 pages of plaintiff's handwritten documents in order to identify which pages relate to each of plaintiff's claims. To streamline this process, the parties are **ORDERED** to provide supplemental briefs within **thirty (30) days** of the entry of this Order explicitly identifying the specific pages that support or negate their arguments with respect to whether plaintiff exhausted his administrative remedies for the remaining claims[1] from plaintiff's second amended complaint. Plaintiff's remaining claims are limited to the following[2]:

- **Paragraph 37**: Defendants Sheets, Johnson, and Little acted with deliberate indifference to plaintiff's safety in contravention of his Eighth Amendment right to be free from cruel and unusual punishment by failing to take reasonable measures to abate the risk of attacks on plaintiff by his cell mates while he was in segregation at WCI.

- **Paragraph 38**: Defendants Johnson and Reese acted with deliberate indifference to plaintiff's safety in contravention of his Eighth Amendment right to be free from cruel and unusual punishment by telling various inmates that plaintiff is a snitch.

- **Paragraph 39**: Defendant Johnson acted with deliberate indifference to plaintiff's safety in contravention of his Eighth Amendment right to be free from cruel and unusual punishment by failing to appropriately conduct the protective control hearing and investigation and failing to take reasonable measures to abate the risk of attacks on plaintiff.

- **Paragraph 42**: On December 9, 2011, and December 18, 2012, respectively, defendants Keesler and Little acted with deliberate indifference to plaintiff's safety in contravention of his Eighth Amendment right to be free from cruel and unusual punishment by failing to take reasonable measures to abate the risk of attack on plaintiff.

- **Paragraph 53**: Defendant Jeffreys acted with deliberate indifference to plaintiff's safety in contravention of his Eighth Amendment right to be free from cruel and unusual punishment by failing to take reasonable measures to prevent plaintiff from ongoing harassment and attacks resulting from his objections to the protective control

---

[1] The second amended complaint includes additional allegations against previously named defendants. See Doc. 28, ¶¶ 10-13, 17-18, 20-22, 24-32, 34-36, 40-41, 43-52, 54-55). Plaintiff's claims against these defendants have been dismissed due to plaintiff's failure to effect service of process on them. See Docs. 69, 75. Accordingly, the allegations relating thereto are no longer relevant. Further, the claim set forth against defendant Sheets in Paragraph 50 of plaintiff's second amended complaint was previously dismissed by the Court for failure to state a cognizable claim. See Doc. 35 at 5-9, Doc. 40.

[2] The Court's recitation of plaintiff's remaining claims is limited to the defendants upon whom service of process has been made and excludes plaintiff's references to numerous exhibits.

3

recommendations of officials at Lebanon Correctional Institution, Ross Correctional Institution, and WCI.

(Doc. 28). The parties' submissions **SHALL** follow or be substantially similar to the format below:

> Plaintiff's claims against defendants _____, as set forth in Paragraph \_\_\_\_ of the second amended complaint **should/should** not be dismissed because the following evidence shows that plaintiff **did not/did** exhaust his administrative remedies regarding this claim:
>
> > Step One: Plaintiff **did/did not** file an Informal Complaint Resolution with respect to this claim. *See* **Doc. XXX, PAGEID# XXX**[3] (citation to the evidence showing that plaintiff did or did not file an Informal Complaint Resolution as required by Step One of the Ohio inmate grievance procedure set forth in Ohio Admin. Code 5120-9-31(A)).
> >
> > Step Two: Plaintiff **did/did** not submit a Notification of Grievance within fourteen days of receiving a response to the Informal Complaint Resolution. *See* **Doc. XXX, PAGEID# XXX** (citation to the evidence showing that plaintiff did or did not file Notification of Grievance as required by Step Two of the Ohio inmate grievance procedure set forth in Ohio Admin. Code 5120-9-31(A)).
> >
> > Step Three: Plaintiff **did/did not** file an appeal with the Office of the Chief Inspector within fourteen days of the date of the disposition of the Step Two grievance. *See* **Doc. XXX, PAGEID# XXX** (citation to the evidence showing that plaintiff did or did not file an appeal with the Office of the Chief Inspector as required by Step Three of the Ohio inmate grievance procedure set forth in Ohio Admin. Code 5120-9-31(A)).

The parties are not permitted to file any additional exhibits in support of their arguments without first seeking leave of Court. Any exhibits filed without the Court's explicit approval will be stricken from the record.

---

[3] The exhibits filed by plaintiff in connection with his second amended complaint (Docs. 30, 34) and his response to defendants' motion for judgment on the pleadings (Docs. 81, 84, 85) total over 650 pages. For clarity's sake, the parties shall cite to the Court's Electronic Case Filing PAGEID # when referencing these exhibits.

## II. Plaintiff's Motion to Prevent Dismissal (Doc. 79)

On March 2, 2015, plaintiff filed a "Motion to Prevent Dismissal for Lack of Prosecution." (Doc. 79). The Court construed plaintiff's motion as a response to its February 27, 2015 Order to show cause and granted plaintiff until April 9, 2015, by which to file a response to defendants' motion for judgment on the pleadings. *See* Doc. 80. Accordingly, plaintiff's motion to prevent dismissal (Doc. 79) is **DENIED** as moot.

## III. Plaintiff's Supplemental Complaint (Doc. 82)

On April 7, 2015, plaintiff filed a "supplemental complaint" under Fed. R. Civ. P. 15(d) to correct errors contained within his second amended complaint. *See* Doc. 82. Rule 15(d) provides that: (1) plaintiff must seek leave of Court before filing supplemental pleadings and (2) supplemental pleadings are limited to including additional allegations of events that occurred after the filing of the prior pleading. *See* Fed. R. Civ. P. 15(d) ("On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction occurrence, or event that happened after the date of the pleading to be supplemented."). Plaintiff did not seek leave of Court prior to filing his supplemental pleading. Further, the supplemental pleading does not pertain to events that occurred after the second amended complaint was filed. *See* Doc. 28 (filed September 9, 2013). Accordingly, plaintiff's supplemental complaint (Doc. 82) is an improper filing and is **STRICKEN** from the record.

## IV. Conclusion

As stated above:

1. The parties are **ORDERED** to submit supplemental briefs in accordance with this opinion within **thirty (30) days** of the entry of this Order;

2. Plaintiff's motion to prevent dismissal (Doc. 79) is **DENIED** as moot; and

5

3. Plaintiff's supplemental complaint (Doc. 82) is **STRICKEN** from the record.

**IT IS SO ORDERED.**

Date: 5/12/15

Karen L. Litkovitz
United States Magistrate Judge