**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

ROY A. DURHAM,
Plaintiff,

vs.

WARDEN MICHAEL SHEETS, *et al.*,
Defendants.

Case No. 1:13-cv-226

Black, J.
Litkovitz, M.J.

**ORDER AND REPORT AND RECOMMENDATION**

Plaintiff, an inmate at the Toledo Correctional Institution (TCI) and former inmate at Warren Correctional Institution (WCI), brings this prisoner civil rights action under 42 U.S.C. § 1983 alleging violations of his constitutional rights by WCI employees. This matter is before the Court on defendants Rob Jeffreys, Warden Michael Sheets, Justin Johnson, Joseph Little, Adam Keesler, and Justin Reese's second motion for judgment on the pleadings (Doc. 65), plaintiff's response in opposition (Doc. 83), defendants' reply memorandum (Doc. 88), and defendants' Court-ordered supplemental brief (Doc. 92). This matter is also before the Court on: (1) plaintiff's submission of Exhibits RE1-RE33 (Doc. 81); (2) plaintiff's second submission of exhibits and motion to "make exhibits part of the pleadings and case" (Doc. 84); and (3) plaintiff's re-submitted exhibits (Doc. 85). Lastly, this matter is before the Court on the plaintiff's motion to stay the proceedings (Doc. 91), which the Court will address first.

**I. Plaintiff's Motion to Stay the Proceedings (Doc. 91)**

Defendants' second motion for judgment on the pleadings seeks dismissal of plaintiff's second amended complaint[1] based on plaintiff's alleged failure to exhaust his administrative remedies in accordance with the Prison Litigation Reform Act (PLRA), 42 U.SC. § 1997e(a). The Court converted defendants' motion into one for summary judgment under Fed. R. Civ. P.

[1]The controlling pleading in this matter and the subject of defendants' motion for judgment on the pleadings is plaintiff's second amended complaint, which is limited to plaintiff's surviving claims set forth in paragraphs 37, 38, 39, 42, and 53 of the second amended complaint. (Doc. 28; Doc. 90 at 3).

56 as both parties rely on materials outside the pleadings in addressing the merits of defendants' motion. (Doc. 90). *See also* Docs. 65, 83, 88. The Court also ordered the parties to submit supplemental briefs identifying specific citations to the nearly 700 pages of evidence submitted by plaintiff in connection with his second amended complaint and his response to defendants' motion, *see* Docs. 28, 30, 81, 84, 85, that either support or refute defendants' contention that plaintiff failed to exhaust his administrative remedies prior to initiating this lawsuit. (Doc. 90 at 4). The parties were given thirty days, to June 15, 2015, to submit their supplemental briefs. (*Id.* at 5).

Defendants submitted their supplemental brief on June 12, 2015. *See* Doc. 92. Plaintiff did not submit a supplemental brief. Rather, on June 8, 2015, plaintiff filed a "motion to stay proceedings." (Doc. 91). Plaintiff represents in his motion that due to harassment from other inmates and the failure of various unnamed Ohio Department of Rehabilitation and Correction officials to take curative action, he does not have access to his legal materials or to the prison's law library and was unable to "conduct effective litigation" in this matter or pursue discovery. (*Id.* at 3-4, 8).[2] Based on these and other asserted hardships, plaintiff moves the Court to stay the proceedings and discovery and to toll the time he has for filing "his claims against (S.O.C.F.) officials/employees," who are not defendants in this case. (*Id.* at 10).

For the following reasons, plaintiff's motion to stay is denied. The deadline for discovery elapsed on August 6, 2014. *See* Doc. 47. Plaintiff's request to stay discovery – filed nearly one year after the close of discovery – is extraordinarily out-of-time. Plaintiff's excessive tardiness alone warrants denial of his motion to stay.

[2]Plaintiff has previously represented that "[a] plot to make [his] life miserable began in society prior to his incarceration" and that this orchestrated plot has been advanced by officials at the Cuyahoga County Jail, Lorain Correctional Institution, Madison Correctional Institution, Trumbull Correctional Institution, Toledo Correctional Institution, Warren Correctional Institution, Ross Correctional Institution, Lebanon Correctional Institution, Southern Ohio Correction Facility, "and other places." (Doc. 64 at 2).

In addition, plaintiff's motion ignores the Court's denial of a similar motion to stay previously filed by plaintiff. *See* Docs. 76, 78. Plaintiff's first motion to stay, also filed well beyond the deadline for completing discovery, asked the Court to stay this matter to allow plaintiff "to obtain discovery from the defendants, contact witnesses, and take depositions to obtain evidence favorable to his case against the defendants before filing a response to defendants' motion for judgment on the pleadings." (Doc. 76 at 1). Plaintiff claimed then as he does now that he had been unable to conduct legal research or issue discovery requests to defendants "due to his being distracted by inmates taunting him, and harassing him as a result of the defendants' failure to take reasonable measures to secure his safety and protect him from future harassment, and attacks." (*Id.* at 2). Plaintiff's instant motion to stay, as does his first, misapprehends the nature of defendants' pending motion for judgment on the pleadings. "[T]he purpose of a motion under Rule 12(c) is to test the sufficiency of the complaint, without requiring the parties to engage in expensive and time-consuming discovery and without reaching the merits of the case." *Marsilio v. Vigluicci*, 924 F. Supp.2d 837, 847 (N.D. Ohio 2013) (citations omitted). Staying this matter to allow plaintiff additional time to conduct discovery would run counter to the purpose of a Fed. R. Civ. P. 12(c) motion.

Further, the defendants did not introduce any evidence in connection with their Rule 12(c) motion; their motion references only plaintiff's pleadings and the 240 pages of exhibits submitted by plaintiff in connection with his second amended complaint (Docs. 28, 30, 34). *See* Doc. 65. Plaintiff then filed hundreds of pages of documents with the Court following the filing of defendants' motion. *See* Docs. 81, 84, 85. Given the voluminous record before the Court and the nature of defendants' motion, there was no legitimate reason for plaintiff to submit any

additional documentation or obtain further discovery before supplementing his response in opposition to defendants' motion as ordered by the Court.

Moreover, denial of the motion to stay is warranted given plaintiff's failure to comply with the Court's Order to submit a supplemental brief. Rather than comply with the Order by reviewing the record evidence (submitted by plaintiff) to refute defendants' motion, plaintiff sidestepped his obligation to prosecute this lawsuit and his duty to obey this Court's orders by filing a 30-page memorandum reiterating his previously dismissed request to stay. This litigation has been pending for over two years due in large part to plaintiff's failure to properly serve defendants as ordered by the Court. *See* Docs. 60, 66, 69. Plaintiff's request to further delay resolution of this lawsuit is not well-taken.

Accordingly, plaintiff's motion to stay (Doc. 91) is **DENIED**.

**II. Defendants' Motion for Judgment on the Pleadings (Doc. 65)**

Defendants move for judgment on the pleadings on plaintiff's second amended complaint[3] on the basis that plaintiff failed to exhaust his administrative remedies prior to filing the second amended complaint. Defendants further assert they are entitled to judgment in their favor because the second amended complaint does not allege facts stating a cognizable constitutional claim against them. (Doc. 65).

**A. The Second Amended Complaint**

The pertinent allegations[4] of plaintiff's second amended complaint are as follows:

[3]Defendants refer to plaintiff's second amended complaint as the "amended complaint" throughout their motion. *See* Doc. 65 at 2 (referencing Doc. 28 as plaintiff's amended complaint). However, the pleading defendants challenge, Doc. 28, is plaintiff's second amended complaint. *See* Doc. 1 (plaintiff's original complaint was filed on April 3, 2013); Doc. 19 (plaintiff's first amended complaint was filed on August 1, 2013); Doc. 28 (plaintiff's second amended complaint was filed on September 9, 2013). For clarity's sake, the Court will refer to the pleading at issue as the second amended complaint throughout this opinion.

[4]The second amended complaint includes additional allegations against previously named defendants. S*ee* Doc. 28 at 3-4. Plaintiff's claims against these defendants have been dismissed. *See* Docs. 69, 75.

- Defendants Sheets, Johnson, and Little acted with deliberate indifference to plaintiff's safety in contravention of his constitutional Eighth Amendment right to be free from cruel and unusual punishment by failing to take reasonable measures to abate the risk of attacks on plaintiff by his cell mates while he was in segregation at WCI. Plaintiff submitted grievances regarding this issue. (Doc. 28, ¶ 37).

- Defendants Johnson and Reese acted with deliberately indifference to plaintiff's safety in contravention of his constitutional Eighth Amendment right to be free from cruel and unusual punishment by telling various inmates that plaintiff is a snitch. Plaintiff submitted complaints regarding this issue but never received a response and was hindered from filing grievances and appeals by Rodney McIntosh.[5] (*Id.*, ¶ 38).

- Defendant Johnson acted with deliberately indifference to plaintiff's safety in contravention of his constitutional Eighth Amendment right to be free from cruel and unusual punishment by failing to appropriately conduct the protective control hearing and investigation and failing to take reasonable measures to abate the risk of attacks on plaintiff. Plaintiff submitted a complaint regarding this issue but never received a response and was hindered from filing grievances and appeals by Mr. McIntosh. (*Id.*, ¶ 39).

- On December 9, 2011, and December 18, 2012, respectively, defendants Keesler and Little acted with deliberately indifference to plaintiff's safety in contravention of his constitutional Eighth Amendment right to be free from cruel and unusual punishment by failing to take reasonable measures to abate the risk of attack on plaintiff. Plaintiff submitted a complaint regarding defendant Keesler's misconduct. (*Id.*, ¶ 42).

- Defendant Jeffreys acted with deliberately indifference to plaintiff's safety in contravention of his constitutional Eighth Amendment right to be free from cruel and unusual punishment by failing to take reasonable measures to prevent plaintiff from ongoing harassment resulting from his objecting to being placed in protective control at Lebanon Correctional Institution, Ross Correctional Institution, and WCI. (*Id.*, ¶ 53).

- Plaintiff became aware of the Prison Litigation Reform Act's exhaustion of administrative remedies requirement at the time he filed his second amended complaint and was, at that time, making attempts to exhaust his administrative remedies. (*Id.*, ¶¶ 56, 60).[6]

---

[5]Plaintiff's claims against Rodney McIntosh as alleged in his second amended complaint were dismissed for failure to state a legally cognizable claim under Fed. R. Civ. P. 12(b)(6). (Docs. 35, 40).

[6]In addition to the pleading itself, plaintiff's second amended complaint incorporates approximately 240 additional pages of documents submitted by plaintiff as exhibits. *See* Docs. 30, 34, Ex. 1. To the extent these documents are relevant to the determination of defendants' motion, they will be discussed in the body of this opinion.

**B. Standard of Law**

As stated above, plaintiff submitted hundreds of pages of documents in response to defendants' motion for judgment on the pleadings and defendants relied on these documents in their reply memorandum. *See* Docs. 81, 83, 84, 85, 88. Where matters outside of the pleadings are presented in connection to a Fed. R. Civ. P. 12 motion, the Court may either: (1) exclude the additional materials and assess the motion based only on the pleading or (2) treat the motion as one for summary judgment brought under Fed. R. Civ. P. 56. *See Max Arnold & Sons, LLC v. W.L. Hailey & Co., Inc.*, 452 F.3d 494, 503-04 (6th Cir. 2006). Here, because both parties rely on exhibits and matters outside of the pleadings that are not attached to plaintiff's second amended complaint, the Court converted defendants' Rule 12(c) motion into a Rule 56 motion for summary judgment.[7]

Fed. R. Civ. P. 56 allows summary judgment to secure a just and efficient determination of an action. The court may only grant summary judgment as a matter of law when the moving party has identified, as his basis for the motion, an absence of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986). The party opposing a properly supported motion for summary judgment "may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue. . . ." *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986) (quoting *First Nat'l Bank of Arizona v. Cities Serv. Co.*, 391 U.S. 253 (1968)). The evidence of the nonmovant is to be believed and all justifiable inferences are to be drawn in his favor. *Id.* at 255 (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158 (1970)). Moreover, documents filed by a pro se litigant are "to be liberally

---

[7]The parties have been given prior notice of this conversion as well as an opportunity to present and identify pertinent materials. *See* Doc. 90; Fed. R. Civ. P. 12(d) (requiring that in the event a Rule 12(c) motion is treated as one for summary judgment, all parties are "given a reasonable opportunity to present all the material that is pertinent to the motion.").

construed." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)).

**C. Resolution**

Defendants maintain they are entitled to judgment as a matter of law because plaintiff did not exhaust his administrative remedies prior to initiating this lawsuit as required by the Prison Litigation Reform Act (PLRA), 42 U.SC. § 1997e(a). (Doc. 65 at 3-4, 9-12). In support, defendants cite to plaintiff's admissions in the second amended complaint that he did not complete the grievance process prior to filing the claims against defendants. (Doc. 65 at 3, citing Doc. 28, ¶ 56). Defendants also cite to documents attached as exhibits to the second amended complaint wherein plaintiff admits he did not read Administrative Regulation 5120-9-31 which governs the grievance process and documents showing plaintiff did not take steps beyond filing informal complaints with respect to defendants' alleged unconstitutional conduct. (*Id.*, citing Doc. 30 at PAGEID# 488, 592, 630, 637-38, 669, 701). Although plaintiff claims that he was hindered from exhausting his administrative remedies, defendants contend they are entitled to judgment as a matter of law because plaintiff has failed to meet his burden of showing that defendants or other prison employees thwarted his good faith exhaustion efforts. (Doc. 65 at 13).

Defendants further argue that plaintiff's claims against them should be dismissed because plaintiff's second amended complaint does not state a § 1983 claim of a deprivation of constitutional rights. (Doc. 65 at 4-8, 13-15). Defendants maintain that plaintiff's conclusory factual allegations fails to state a cognizable claim and that the exhibits he references do not demonstrate that any of the defendants violated plaintiff's constitutionally protected rights.[8] (*Id.*,

[8]To the extent defendants argue that the claims raised by plaintiff in Paragraph 50 of his second amended complaint fail to state a claim, *see* Doc. 65 at 8, citing Doc. 28, ¶ 50, this argument is moot as the Court has already dismissed these claims. *See* Doc. 35 at 5-9, Doc. 40.

citing Doc. 30 at PAGEID# 484-87, 488-89, 490-94, 499-502, 504-12, 514-15, 516-17, 518-19, 520-21, 522-23, 524, 526-27, 528-59, 560-71, 706, 707-15).

Plaintiff responds in opposition that defendants' motion should be denied for the same reasons that their prior motion for judgment on the pleadings was denied – because the exhibits to his second amended complaint include sufficient factual details to state claims against them. (Doc. 83 at 3-4, citing Doc. 54 at 3-4). Plaintiff further asserts that defendants misrepresent the contents of these exhibits which he maintains show that defendants placed him in an impossible situation whereby he was required to decide whether to remain in the general population and risk assault by other inmates or be placed in segregation where, in the event he was harmed, he would have no recourse or ability to reach out to friends or family for assistance. (*Id*. at 4-5). In response to defendants' assertion that defendant Reese's conduct of telling other inmates that plaintiff is a "snitch" does not amount to a constitutional violation, plaintiff's second amended complaint, when read in conjunction with the attached exhibits, shows that defendant Reese retaliated against plaintiff when plaintiff attempted to report this conduct. (*Id*. at 6). Plaintiff asserts that as a result of defendant Reese's conduct, plaintiff was physically assaulted by other inmates on November 19 and December 18, 2011, and April 1 and June 19, 2012, as reflected in Exhibits 1 and 2 of the second amended complaint. (*Id*. at 7, citing PAGEID# 484-87, 488). Plaintiff argues that because defendant Reese branded him as a "snitch," defendants knew or should have known that a threat to plaintiff's safety was imminent and that their failure to prevent these attacks amounts to a deprivation of his constitutional rights. (*Id*. at 8). Plaintiff's response memorandum also includes a lengthy discussion of each exhibit referenced in his

second amended complaint, including his arguments as to how they establish defendants violated his constitutional rights. (*Id.* at 15-30).[9]

Regarding defendants' failure to exhaust argument, plaintiff maintains that he alleged in detail how he was hindered from completing the grievance process by defendant Rodney McIntosh. (Doc. 83 at 9-14). Plaintiff concedes that he "had no knowledge of [the PLRA] exhaustion of administrative remedy requirement," but when he learned of it he made attempts to pursue his grievances. (*Id.* at 9). Plaintiff argues, however, that Mr. McIntosh hindered his ability to file grievances and appeals and, consequently, the administrative remedies were unavailable to plaintiff. (*Id.* at 9-10). Plaintiff further maintains that the Inspectors of Institutional Services denied his Notification of Grievance forms and refused to make final determinations on his complaints such that he was unable to exhaust his administrative remedies. (*Id.* at 10-13).

Exhaustion of administrative remedies "is mandatory under the PLRA and . . . unexhausted claims cannot be brought in court." *Jones v. Bock*, 549 U.S. 199, 211 (2007) (citing *Porter v. Nussle*, 534 U.S. 516, 524 (2002)). "[A] prisoner confined in any jail, prison, or other correctional facility" is barred from filing a lawsuit alleging constitutional violations under 42 U.S.C. § 1983 "or any other Federal law . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter*, 534 U.S. at 532.

The PLRA exhaustion requirement means prisoners must carry out "proper exhaustion"

---

[9]The Court notes that at 45 pages, plaintiff's responsive memorandum is in violation of the Local Rules which provide that "memoranda in support of or in opposition to any motion or application to the Court not exceed twenty pages." *See* S.D. Ohio Civ. R. 7.2(a)(3). However, in the interest of reaching a timely resolution of this matter and in consideration of plaintiff's status as a pro se inmate, the entirety of plaintiff's memorandum has been considered by the Court.

of a grievance. *Woodford v. Ngo*, 548 U.S. 81, 90 (2006). To properly exhaust a claim, prisoners must "tak[e] advantage of each step the prison holds out for resolving the claim internally and by following the 'critical procedural rules' of the prison's grievance process to permit prison officials to review and, if necessary, correct the grievance 'on the merits' in the first instance." *Reed-Bey v. Pramstaller*, 603 F.3d 322, 324 (6th Cir. 2010) (quoting *Woodford*, 548 U.S. at 90). "Proper exhaustion [further] demands compliance with an agency's deadlines . . . ." *Woodford*, 548 U.S. at 90. Proper exhaustion serves the necessary interest of providing "fair notice of the alleged mistreatment or misconduct that forms the basis of the constitutional or statutory claim made against a defendant in a prisoner's complaint." *LaFountain v. Martin*, 334 F. App'x 738, 740 (6th Cir. 2009) (citing *Bell v. Konteh*, 450 F.3d 651, 654 (6th Cir. 2006)).

The procedure established for resolving inmate complaints in Ohio, codified in Ohio Admin. Code § 5120-9-31, involves a three-step process. First, the inmate is required to file an informal complaint with the direct supervisor of the staff member within fourteen days of the event giving rise to the complaint. Ohio Admin. Code § 5120-9-31(K)(1). Second, if the inmate is unsatisfied with the response to his informal complaint he may file a formal grievance with the inspector of institutional services at his institution of confinement. Ohio Admin. Code § 5120-9-31(K)(2). The inspector of institutional services is required to provide a written response to the inmate's grievance within fourteen calendar days of receipt of the grievance. *Id.* If the inmate is dissatisfied with the response, he may undertake the third step of the grievance process and file an appeal to the office of the ODRC chief inspector within fourteen days of the disposition of the formal grievance. Ohio Admin. Code § 5120-9-31(K)(3).

1. Paragraph 37 of the Second Amended Complaint

With respect to plaintiff's claim against defendants Sheets, Johnson, and Little as set

forth in paragraph 37 of the second amended complaint, defendants maintain plaintiff failed to file an Informal Complaint Resolution (ICR) against defendants Johnson and Little as required by step one of Ohio's grievance process because there is no evidence such a document was ever filed. (Doc. 92 at 1-2). It appears plaintiff filed an informal complaint against defendant Sheets. A "Decision of the Chief Inspector on a Grievance" in the record references a complaint filed by plaintiff against defendant Sheets related to plaintiff not having a cell to himself. (*Id*. at 2, citing Doc. 84, Ex. 1, PageID #1381 and Doc. 85, Ex. 1, PageID# 1558). The Decision, dated August 1, 2012, provides: "In your complaint you state that while you were housed at WCI, staff did not house you in a single cell despite the fact that inmates in the segregation unit were plotting against you." (*Id*.). The Decision further states that staff responded to the informal complaint on July 9, 2012, but plaintiff failed to file a formal grievance with the WCI institutional inspector within 14 calendar days as required by Ohio Admin. Code § 5120-9-31(K)(2). (*Id*.). Defendants assert that they are entitled to summary judgment on the claim set forth in Paragraph 37 against defendant Sheets because the Decision of the Chief Inspector demonstrates that plaintiff did not properly exhaust his administrative remedies with respect to this claim. (Doc. 92 at 2). Defendants maintain that it is unclear from the August 1, 2012 Decision whether the referenced ICR relates to the conduct that forms the basis of plaintiff's claim as set forth in Paragraph 37, but that even if it did, the Decision establishes that plaintiff did not exhaust his administrative remedies on this claim because he bypassed step two of the grievance process with the institutional inspector and filed an appeal directly with the ODRC Chief Inspector. (Doc. 92 at 2). Defendants assert that defendants Lt. Johnson and Little are entitled to summary judgment because there is no evidence in the record showing that plaintiff filed an ICR against these individuals with respect to the claims set forth in Paragraph 37. (*Id*. at 2-3).

Plaintiff has not presented any evidence showing that he properly exhausted the grievance process with respect to the allegations set forth in Paragraph 37 of his second amended complaint prior to filing this lawsuit. Moreover, plaintiff does not refute defendants' contention that he failed to exhaust his administrative remedies before initiating this lawsuit. In fact, plaintiff concedes that he was not aware of the exhaustion requirement until April 2015, nearly two years after this lawsuit was filed. *See* Doc. 83 at 9 (in his response to defendants' motion plaintiff asserts he had "no knowledge of" the exhaustion requirement at the time he was filing complaints). *See also* Doc. 28, ¶¶ 56, 60 (plaintiff alleges in the second amended complaint that he was unaware of the PLRA exhaustion requirement at the time he initiated this litigation). "A plaintiff's failure to exhaust cannot be excused by his ignorance of the law or the grievance policy." *Napier v. Laurel Cty., Ky*, 636 F.3d 218, 221 n.2 (6th Cir. 2011).

Defendants' motion for summary judgment on the claims set forth in Paragraph 37 of plaintiff's second amended complaint should be granted. There is no genuine dispute of fact that plaintiff failed to properly exhaust his administrative remedies against defendant Sheets and failed to even initiate the grievance process against defendants Lt. Johnson and Little by filing an ICR. The evidence establishes that plaintiff abandoned the grievance process at step two with respect to his claim against defendant Sheets and plaintiff has failed to put forth any evidence establishing that he filed an ICR regarding his claims against defendants Lt. Johnson and Little. As stated by the Sixth Circuit:

> Exhaustion of state administrative remedies under the PLRA requires a plaintiff not only to bring his or her claim before the state, but to see it *through to completion*, appealing denials as permitted and participating in offered hearings. Exhaustion also requires a plaintiff to bring a grievance to the state before coming to federal court even when the state has made clear that it will not grant the relief requested.

*Thomas v. Woolum*, 337 F.3d 720, 733 (6th Cir. 2003) (emphasis added), *abrogated on other grounds*, *Woodford*, 548 U.S. at 93-100 (affirming that "exhaustion" under the PLRA means "proper exhaustion"). Accordingly, defendants are entitled to summary judgment because there is no genuine issue as to whether plaintiff exhausted his administrative remedies. *See also Hartsfield v. Vidor*, 199 F.3d 305, 309 (6th Cir. 1999) ("an inmate cannot simply fail to file a grievance or abandon the process before completion"); *Sudberry v. Thomas*, No. C-1-08-208, 2009 WL 3698411, at *1, 4-5 (S.D. Ohio Nov. 5, 2009) (adopting recommendation that defendants' motion for summary judgment be granted where defendants submitted evidence showing plaintiff failed to exhaust the grievance process and plaintiff did not rebut this evidence or present any other evidence establishing a genuine issue of material fact); *Benavidez v. Stansberry*, No. 4:07-cv-3334, 2008 WL 4279559, at *2 (N.D. Ohio Sept. 12, 2008) (adopting in whole recommendation to grant summary judgment for the defendants due to plaintiff's failure to initiate the grievance process).[10]

To the extent plaintiff argues that he was prevented from either initiating or completing the grievance process by defendant McIntosh, plaintiff does not support this claim with any evidence and his conclusory assertions are insufficient to support his position on summary judgment. *See Erwin v. Marberrry*, No. 04-cv-72620, 2007 WL 4098201, at *4 (E.D. Mich. Nov. 16, 2007) (citing *Evan v. Jay Instrument & Specialty Co.*, 889 F. Supp. 302, 310 (S.D. Ohio 1995)).

2. Paragraph 38 of the Second Amended Complaint

Paragraph 38 relates to plaintiff's claims that defendants Lt. Johnson and Reese were deliberately indifferent to his Eighth Amendment rights by telling other inmates that plaintiff is a

[10]The district court in *Benavidez* affirmed that the plaintiff's ignorance of the process was not a defense despite the fact that plaintiff did not speak English. *See id.* at *3 ("[T]he lack of any language in the PLRA allowing for an exception to the exhaustion requirement [is] controlling.").

snitch. *See* Doc. 28, ¶ 38. Defendants note that the only evidence in the record that could arguably be viewed as relating to this claim is a November 14, 2011 ICR wherein plaintiff alleges that defendant Reese told plaintiff to take a sign out of his cell window and spoke loudly enough to allow nearby inmates to hear that plaintiff had confidentially provided information about other inmates to defendant Reese. (Doc. 92 at 3, citing Doc. 30 at 6, PageID #488). Defendants contend that even if this ICR relates to plaintiff's claims against defendant Reese as set forth in Paragraph 38, they are entitled to summary judgment because plaintiff abandoned the grievance process after filing the ICR. (*Id.*). Defendants further assert there is no evidence that plaintiff initiated the grievance process with respect to his Paragraph 38 allegations against defendant Lt. Johnson. (*Id.*). Defendants maintain they are therefore entitled to judgment as a matter of law because it is undisputed that plaintiff failed to exhaust his administrative remedies before filing this lawsuit. Plaintiff cites to no evidence in his response establishing that he completed the grievance process with respect to the claims set forth in Paragraph 38 of his second amended complaint.

For the reasons stated above in connection with Paragraph 37, defendants are entitled to summary judgment on the allegations set forth in Paragraph 38 of plaintiff's second amended complaint. Even if the November 14, 2011 ICR filed by plaintiff establishes that he completed step one of the grievance process regarding his claims against defendant Reese, plaintiff has put forth no evidence from which a trier of fact could reasonably conclude that he properly exhausted the grievance. Indeed, plaintiff concedes that he was unaware of the exhaustion requirement in his second amended complaint. Nor has plaintiff identified any evidence showing that he initiated a grievance against defendant Lt. Johnson regarding his Paragraph 38 claim. Plaintiff's only argument is that he was hindered from completing the grievance process by

defendant McIntosh. As stated above, this unsupported assertion is insufficient at the summary judgment stage. *See Erwin*, 2007 WL 4098201, at *4. Because there is no genuine dispute in the record evidence as to whether plaintiff exhausted his administrative remedies relative to the allegations in Paragraph 38 of the second amended complaint, defendants are entitled to summary judgment on this claim. *See Hartsfield*, 199 F.3d at 309; *Sudberry*, 2009 WL 3698411, at *1, 4-5; *Benavidez*, 2008 WL 4279559, at *2.

3. Paragraphs 39, 42, and 53 of the Second Amended Complaint

Defendants assert they are entitled to summary judgment on Paragraphs 39, 42, and 53 of the second amended complaint because plaintiff failed to initiate the grievance process with respect to any of the allegations set forth in these paragraphs. Defendants maintain there is no evidence in the record to reference in support because the evidence does not exist. Plaintiff does not provide any response to defendants' assertion.

In Paragraph 39 of the second amended complaint, plaintiff alleges that he filed a complaint regarding his claim that defendant Lt. Johnson was deliberately indifferent to his safety in violation of his Eighth Amendment rights. *See* Doc. 28, ¶ 39 (plaintiff alleges he "submitted a complaint . . . to various staff members but he never received any response."). Despite submitting hundreds of pages of documents in connection with his pleadings and response to defendants' motion, plaintiff has not identified any documents that support his allegation that he initiated the grievance process as he alleges. Plaintiff's failure to identify any evidence from which a reasonable jury could conclude that he exhausted the grievance process, when considered in conjunction with his allegation that he was ignorant of the exhaustion requirement prior to filing his second amended complaint (Doc. 28, ¶¶ 56, 60) and his representation that he "had no knowledge of" the requirement (Doc. 83 at 9), supports granting

summary judgment in favor of defendants on this claim. *See Napier*, 636 F.3d at 221 n.2. *See also Woodford*, 548 U.S. at 93 (filing a lawsuit prior to completion of the administrative exhaustion process denied "corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case.") (quoting *Porter v. Nussle*, 534, U.S. 516, 525 (2002)).

Plaintiff further alleges he submitted a complaint regarding the allegations set forth in Paragraph 42 regarding defendant Keesler's alleged misconduct and cites to "attached Exhibit 3" in support.[11] The document plaintiff references is a December 9, 2011 letter written by plaintiff on loose leaf paper and is directed to defendant Warden Michael Sheets. *See* Doc. 30 at 8, PageID # 490. The first step of Ohio's grievance process requires an inmate to file an informal complaint with the direct supervisor of the staff member within fourteen days of the event giving rise to the complaint. Ohio Admin. Code § 5120-9-31(K)(1). "Only forms designated by the chief inspector may be used to file informal complaints, grievances and grievance appeals." Ohio Admin. Code § 5120-9-31(J). Plaintiff's December 9, 2011 letter does not comport with the requirement that the step one ICR be submitted on an official ICR form to the direct supervisor. Even if Exhibit 3 can be considered to meet step one of the inmate grievance procedure, there is no evidence that plaintiff filed a Notification of Grievance with the institutional inspector or an appeal with the ODRC Chief Inspector. Therefore, plaintiff failed to properly exhaust his administrative remedies regarding the claim raised in Paragraph 42. Accordingly, defendants are entitled to summary judgment on this claim.

Paragraph 53 of the second amended complaint pertains to plaintiff's allegations that defendant Jeffreys was deliberately indifferent to his Eighth Amendment right to be free from

---

[11]Paragraph 42 of the second amended complaint includes allegations against both defendants Lt. Johnson and Keesler; plaintiff alleges he submitted a complaint with respect to defendant Keesler only. *See* Doc. 28, ¶ 42.

cruel and unusual punishment by "failing to take curative actions, and reasonable measures to protect plaintiff Durham from ongoing harassment and attacks against him upon his filings of objections to the Protective Control recommendations of [other] defendants. . . ." (Doc. 28, ¶ 53). In his response to defendants' motion, plaintiff maintains there is no grievance procedure available for Ohio Department of Rehabilitation and Correction employees such as defendant Jeffreys. (Doc. 83 at 44). Plaintiff provides no support for this position and the Court construes plaintiff's argument as an admission that he did not initiate the grievance process with respect to his claims against defendant Jeffreys. The exhaustion requirement "applies to all inmate suits about prison life," *Porter*, 534 U.S. at 532, and courts have routinely dismissed cases against ODRC officials for lack of exhaustion. *See, e.g.*, *Younker v. Ohio State Univ. Med. Ctr.*, No. 2:11-cv-749, 2013 WL 3222902 (S.D. Ohio June 25, 2013) (Report and Recommendation), *adopted*, 2013 WL 3761130 (S.D. Ohio July 16, 2013). As it is undisputed that plaintiff failed to initiate the grievance process against defendant Jeffreys, defendants are entitled to summary judgment on the claim set forth in Paragraph 53 of the second amended complaint. *See Benavidez*, 2008 WL 4279559, at *2.

Accordingly, defendants are entitled to summary judgment on all of plaintiff's remaining claims against them due to plaintiff's failure to exhaust his administrative remedies prior to filing this lawsuit.[12]

**III. Conclusion**

For the reasons stated above, plaintiff's motion to stay (Doc. 91) is **DENIED**. Further, **IT IS RECOMMENDED** that defendants' motion for judgment on the pleadings (Doc. 65) be **GRANTED** for the reasons stated herein and that the Court certify pursuant to 28 U.S.C. §

[12] In light of this finding, the Court declines to address defendants' argument that plaintiff's claims should be dismissed under Fed. R. Civ. P. 12(c) for failure to state cognizable constitutional claims.

1915(a)(3) that an appeal of any Order adopting the Report and Recommendation would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

Date: 7/2/15

Karen L. Litkovitz
Karen L. Litkovitz
United States Magistrate Judge

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

ROY A. DURHAM,
Plaintiff,

vs.

WARDEN MICHAEL SHEETS, *et al.*,
Defendants.

Case No. 1:13-cv-226

Black, J.
Litkovitz, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).