# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

ROY A. DURHAM, JR.,                            Case No. 1:13-cv-226
        Plaintiff,                                  Black, J.
                                          Litkovitz, M.J.
     vs.

ROB JEFFREYS, et al.,                      **REPORT AND**
        Defendants.                        **RECOMMENDATION**

Plaintiff, an inmate at the Toledo Correctional Institution proceeding pro se and *in forma pauperis*, brings this prisoner civil rights action under 42 U.S.C. § 1983 alleging violations of his constitutional rights by employees of the Warren Correctional Institution ("WCI"). This matter is before the Court on plaintiff's second motion for leave to file a third amended complaint. (Doc. 121). For the following reasons, the undersigned recommends that plaintiff's motion be denied.

This case, which has been pending for nearly four years, has a long and complicated history. As background, plaintiff filed his initial complaint in this matter in April 2013 naming eight WCI employees as defendants. (Doc. 1). Following the Court's review of the complaint pursuant to 28 U.S.C. § 1915A, the undersigned recommended that plaintiff's claims against three defendants be dismissed for failure to state an actionable claim for relief under § 1983. (Doc. 9). Plaintiff subsequently moved for and was granted leave to amend his complaint to provide full names of the defendants and to include additional defendants, facts, and claims. (Docs. 13, 14). On August 1, 2013, plaintiff filed a 339-page amended complaint against 99 defendants. (Doc. 19). The undersigned found that this amended complaint did not contain a "short and plain statement of the claim" as required by Fed. R. Civ. P. 8, but granted plaintiff leave to file a second amended complaint not to exceed 20 pages in length. (Doc. 22).

Plaintiff submitted his 20-page second amended complaint on September 9, 2013.  (Doc. 28).  In November 2013, the undersigned recommended that certain portions of plaintiff's second amended complaint be dismissed for failure to state a claim.  (Doc. 35).  The Court adopted the November 2013 Report and Recommendation on January 8, 2014.  (Doc. 40).

On May 14, 2014, the undersigned entered an order regarding plaintiff's failure to effect service of process on 21 of the defendants named in the second amended complaint.  (Doc. 54). Plaintiff was ordered to submit copies of his second amended complaint and summons form *for each defendant* by June 13, 2014.  (Doc. 54 at 5).  Plaintiff failed to comply with this Order and on August 20, 2014, the Court entered an order requiring plaintiff to show cause why his claims against the unserved defendants should not be dismissed for failure of service.  (Doc. 60).

Plaintiff's response to the Court's show cause order was not well-taken.  Nevertheless, in light of plaintiff's pro se status, the Court granted plaintiff a further extension of time to submit completed summons forms and copies of his second amended complaint for each of the unserved defendants by October 30, 2014.  (Doc. 66).  Plaintiff did not submit the summons forms and copies of his second amended complaint as ordered.  Instead, he filed a motion for leave to file yet another amended complaint.  (Doc. 68).  On November 17, 2014, plaintiff submitted copies of a proposed third amended complaint and summons forms for some, but not all of the previously named and unserved defendants and for individuals not previously named as defendants.  (Doc. 68-1).  Further, at forty pages, the proposed third amended complaint filed in November 2014 did not comply with the Court's prior order limiting the length of plaintiff's complaint to 20 pages.  (*See* Doc. 22).

On November 26, 2014, the undersigned recommended denial of plaintiff's motion for leave to file a third amended complaint.  (Doc. 69).  The undersigned explained that "[n]either

2

the Court nor the defendants should have to guess at the ever-changing nature of plaintiff's claims or the identity of the individuals who may ultimately be liable for such claims." (*Id.* at 5). Additionally, due to plaintiff's repeated failure to submit summons forms for unserved defendants, the undersigned recommended dismissal of the unserved defendants for failure of service of process. (*Id.* at 5-6). The Court overruled plaintiff's objections, adopted the November 2014 Report and Recommendation, denied plaintiff's motion for leave to file a third amended complaint, and dismissed the unserved defendants for failure of service of process. (Doc. 75). The Court found that "[t]he record reflects that Plaintiff has not diligently prosecuted this action and granting further leave to amend would unduly prejudice Defendants." (*Id.* at 1 n.1). Accordingly, defendants Rob Jeffreys, Michael Sheets, Justin Johnson, Joseph Little, Adam Keesler, and Justin Reese were the only defendants remaining in the action. (*Id.* at 2). Plaintiff moved for reconsideration, which the Court denied. (Docs. 77, 89).

Meanwhile, defendants moved for judgment on the pleadings on plaintiff's second amended complaint on the basis that plaintiff failed to exhaust his administrative remedies prior to filing the second amended complaint and had not alleged a constitutional violation. (Doc. 65). Plaintiff responded and filed numerous exhibits. (*See* Docs. 81, 83, 84, 85). In May 2015, the undersigned converted defendants' motion into one for summary judgment and ordered supplemental briefing to identify the specific pages in the nearly 700 pages of documents plaintiff had submitted which supported or negated each party's arguments concerning whether plaintiff exhausted his administrative remedies. (Doc. 90). After the deadline for supplemental briefing expired, the undersigned recommended granting summary judgment to defendants because plaintiff failed to exhaust his administrative remedies and had not shown that defendants or other prison officials had thwarted his exhaustion efforts. (Doc. 93). In September 2015, the

Court overruled plaintiff's objections, adopted the Report and Recommendation, and granted summary judgment to defendants.  (Doc. 102).

Plaintiff appealed.  (Doc. 104).  In September 2016, the Sixth Circuit vacated this Court's judgment and remanded for further proceedings.  (Doc. 108).  Specifically, the Sixth Circuit held that this Court had erred by not considering *Surles v. Andison*, 678 F.3d 452 (6th Cir. 2012), when analyzing the issue of whether plaintiff had exhausted his administrative remedies.  (Doc. 108 at 4-9).

Now that plaintiff's case has been remanded to this Court, he has moved yet again for leave to file a third amended complaint.  (Doc. 121).  Plaintiff has attached a 28-page proposed amended complaint.  (Doc. 121-3).  Plaintiff asserts that because he has been educated throughout the course of these proceedings, he now has a better understanding of pleading requirements than he did when he filed his earlier pleadings.  (*See* Doc. 121 at 2-4).  He asserts that an amendment is necessary "to avoid further prejudice, and to assert claims that arose out of the conduct that Plaintiff attempted to set out in the original, and/or first amended complaint with discussion of related defendants from subsequent institutions."  (*Id.* at 4-5).

"A party may amend its pleading once as a matter of course within . . . 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b). . . ."  Fed. R. Civ. P. 15(a)(1)(B).  "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires."  Fed. R. Civ. P. 15(a)(2).  A district court has discretion to deny a motion to amend a complaint, but must state a basis for such a denial.  *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000).  The Court must consider several factors in determining whether to permit an amendment:  (1) undue delay in filing; (2) lack of notice to the opposing

party; (3) bad faith by the moving party; (4) repeated failure to cure deficiencies by previous amendments; (5) undue prejudice to the opposing party; and (6) futility of the amendment. *Coe v. Bell*, 161 F.3d 320, 341-42 (6th Cir. 1998) (citing *Brooks v. Celeste*, 39 F.3d 125, 130 (6th Cir. 1994)).

Here, plaintiff's second motion for leave to file a third amended complaint should be denied. He filed his initial complaint in this action in April 2013 and was twice granted leave to amend. Plaintiff has not explained his repeated failure to cure deficiencies by previous amendments beyond his assertion that he now has a better education in legal matters. While the Court is cognizant that plaintiff is proceeding pro se in this matter and does not have the benefit of a formal legal education, this does not excuse his earlier failure to cure deficiencies in his complaint. *See McNeil v. United States*, 508 U.S. 106, 113 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel.").

Additionally, plaintiff filed his second motion for leave to file a third amended complaint nearly four years after he initiated this action. This undue delay in filing and the undue prejudice to defendants that would result from allowing plaintiff to submit a new pleading at this late stage in the proceedings constitute additional compelling reasons for denying plaintiff's motion. *See Coe*, 161 F.3d at 341-42.

Based on the foregoing, it is **RECOMMENDED** that plaintiff's second motion for leave to file a third amended complaint (Doc. 121) be **DENIED**.

**IT IS SO RECOMMENDED.**

Date: 3/13/17

Karen L. Litkovitz
United States Magistrate Judge

5

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

ROY A. DURHAM, JR.,                                    Case No: 1:13-cv-226
    Plaintiff,                                         Black, J.
                                                       Litkovitz, M.J.

    vs.

ROB JEFFREYS, et al.,
    Defendants.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of

the recommended disposition, a party may serve and file specific written objections to the

proposed findings and recommendations.   This period may be extended further by the Court on

timely motion for an extension.  Such objections shall specify the portions of the Report objected

to and shall be accompanied by a memorandum of law in support of the objections.  If the Report

and Recommendation is based in whole or in part upon matters occurring on the record at an oral

hearing, the objecting party shall promptly arrange for the transcription of the record, or such

portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the

assigned District Judge otherwise directs.  A party may respond to another party's objections

**WITHIN 14 DAYS** after being served with a copy thereof.  Failure to make objections in

accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140

(1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).