# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

ROY A. DURHAM, JR.,
    Plaintiff,

vs.

ROB JEFFREYS, et al.,
    Defendants.

Case No. 1:13-cv-226
Black, J.
Litkovitz, M.J.

**ORDER**

Plaintiff, a former inmate at the Warren Correctional Institution ("WCI") in Lebanon, Ohio initiated this action in April 2013 by filing a pro se complaint under 42 U.S.C. § 1983 challenging his treatment at WCI where he was incarcerated from October 2011 to April 1, 2012.[1] Plaintiff alleges that WCI defendants Rob Jeffreys, Warden Michael Sheets, Justin Johnson, Joseph Little, Adam Keesler, and Justin Reese were deliberately indifferent to his health and safety while he was an inmate at WCI.[2] This matter is before the Court on plaintiff's motion to compel discovery (Doc. 142), plaintiff's motion for a ruling on his motion to compel (Doc. 150), defendants' notice of completion of discovery (Doc. 159), and plaintiff's reply to defendants' notice (Doc. 163).

Federal Rule of Civil Procedure 26 provides the following guidance concerning the scope of discovery:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

---

[1] Plaintiff arrived at WCI in October 2011. (Doc. 1 at 5). Plaintiff was then transferred to Ross Correctional Institution on April 2, 2012. (Doc. 19-1 at 12). Defendants agree that plaintiff was an inmate at WCI from October 11, 2011 through April 1, 2012. (Doc. 163 at 11).

[2] All other defendants and claims have been dismissed.

Fed. R. Civ. P. 26(b)(1). "Demonstrating relevance is the burden of the party seeking discovery." *Am. Elec. Power Co., Inc. v. United States*, 191 F.R.D. 132, 136 (S.D. Ohio 1999) (citations omitted). Where a party has propounded discovery but has not received adequate responses, that party "may move for an order compelling disclosure or discovery." Fed. R. Civ. P. 37(a)(1).

There are six remaining claims in this case.[3] Plaintiff now seeks disclosure of nine items in discovery. (Docs. 142, 163). To the extent plaintiff's discovery requests seek information and records from institutions other than WCI, his requests are denied as they are not relevant to his claims in the present case. The Court rules as follows:

## 1. <u>Item 1:</u>

Plaintiff seeks records related to his protective control requests. (Doc. 163 at 1). Plaintiff's request is **GRANTED**, limited to protective control records relating to plaintiff's claims against the six defendants from alleged incidents at WCI occurring between October 2011 and April 1, 2012.

## 2. <u>Item 2:</u>

Plaintiff seeks medical records relative to his sustained physical injuries. (*Id.* at 4). Plaintiff's request is **GRANTED**, limited to medical records relating to his claims against the six defendants from alleged incidents at WCI occurring between October 2011 and April 1, 2012.

---

[3] Plaintiff alleges, in pertinent part, that defendants were deliberately indifferent to his health and safety when (1) Sheets, Keesler, Little, and Johnson failed to "abate" attacks on him by his cellmates while he was in segregation; (2) Johnson and Reese told various inmates that he was a snitch; (3) Johnson failed to properly conduct a protective control hearing, investigate plaintiff's claims, and abate the risks of attacks by other inmates; (4) Keesler failed to abate a December 9, 2011 attack on plaintiff; (5) Little failed to abate a December 18, 2012 attack on plaintiff; and (6) Jeffreys failed to protect plaintiff from ongoing harassment and attacks by inmates after plaintiff objected to the protective control recommendations. (Doc. 108 at 2).

### 3.  Item 3:

Plaintiff seeks psychological and mental health records.  (*Id.* at 6).  Plaintiff has not shown how this discovery is relevant to his deliberate indifference claims against the six defendants at WCI.  Accordingly, plaintiff's request is **DENIED**.

### 4.  Item 4:

Plaintiff seeks grievance-related records.  (*Id.*).  Plaintiff's request is relevant and is hereby **GRANTED**, but limited to grievance records relating to his claims against the six defendants from alleged incidents at WCI occurring between October 2011 and April 1, 2012.

### 5.  Item 5:

Plaintiff seeks disciplinary records relating to alleged attacks on him by other inmates. (*Id.* at 7).  Plaintiff has clarified that he seeks WCI disciplinary records in Rules Infraction Board ("RIB") Case Numbers WCI-11-004141, WCI-12-000358, and WCI-12-000969.  (*Id.* at 8). Plaintiff's request is relevant and is hereby **GRANTED** with respect to these RIB case numbers at WCI.

### 6.  Item 6:

Plaintiff seeks the disclosure of statements written by him at WCI, including voluntary use of force statements, from December 18, 2011, December 9, 2011, and November 19, 2011. (*Id.* at 9).  Plaintiff's request is relevant and is hereby **GRANTED**.

### 7.  Item 7:

Plaintiff seeks video recordings of alleged physical attacks on him.  (*Id.* at 10).  Plaintiff's request is **GRANTED**, but limited to video recordings at WCI involving the six remaining claims in this case from October 2011 to April 1, 2012, provided that such video recordings exist.

**8. Item 8:**

Plaintiff seeks video recordings from the Toledo Correctional Institution relating to alleged physical attacks on him in 2015 and 2016. (*Id.*). Plaintiff's request is not relevant to his claims against the six defendants from alleged incidents at WCI between October 2011 and April 1, 2012. Accordingly, plaintiff's request is **DENIED**.

**9. Item 9:**

Plaintiff seeks pictures of alleged injuries he sustained on April 1, 2012, June 19, 2012, January 10, 2014, and April 4th of an unspecified year. (*Id.* at 11). Plaintiff's request is **GRANTED** with respect to pictures of any injuries he sustained on April 1, 2012, when he was still an inmate at WCI. Plaintiff's request is **DENIED** in all other respects.

Accordingly, plaintiff's motion to compel (Docs. 142, 150) is **GRANTED** in **PART** and **DENIED** in **PART**. To the extent the above granted discovery has not already been provided to plaintiff, defendants are **ORDERED** to produce the requested documents within **twenty (20) days** of the date of this Order. It is **FURTHER ORDERED** that defendants file a notice of compliance with the Court.

**IT IS SO ORDERED.**

Date: 5/21/18

Karen L. Litkovitz
United States Magistrate Judge