UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

ROY A. DURHAM, JR.,
Plaintiff,

vs.

ROB JEFFREYS, et al.,
Defendants.

Case No. 1:13-cv-226
Black, J.
Litkovitz, M.J.

**ORDER**

Plaintiff, a former inmate at the Warren Correctional Institution ("WCI") in Lebanon, Ohio initiated this action in April 2013 by filing a pro se complaint under 42 U.S.C. § 1983 challenging his treatment at WCI where he was incarcerated from October 2011 to April 1, 2012. This matter is before the Court on several of plaintiff's pretrial motions for stay of proceedings and extensions of time. (Docs. 174, 175, 180, 181, 182, 183).

Plaintiff has filed a "motion to prevent a miscarriage of justice." (Doc. 174). In this motion, plaintiff moves for a temporary stay of proceedings or an appointment of counsel because of writing restrictions with his right hand. (Doc. 174 at 1). Plaintiff attaches a work status form dated September 27, 2018, purportedly signed by his doctor, that states he is unable to engage in work using his right hand, including writing. (Doc. 174-1). In subsequent motions, plaintiff has amended the length of time needed to respond to defendants' motion for summary judgment and continues to allege that a stay is necessary due to his recovery from hand surgery. (*See* Docs. 175, 180, 181, 182). Plaintiff alleges that "[t]he discomfort and pain slows his progress in writing along with his psychological conditions which within itself has [sic] a negative effect on his ability to focus at times and complete tasks." (Doc. 175 at 4). Plaintiff attaches a "work status report," purportedly signed by his doctor on November 5, 2018, that states that plaintiff "may benefit from appointed/hired paralegal or assistant" if he continues to

have pain in his right hand. (Doc. 175-1). Plaintiff states that he was seen in the emergency room and was prescribed medications for sleep and headaches. (Doc. 180 at 2).

In the most recently filed motion, plaintiff moves the Court to reconsider its August 2018 Order denying his motion to stay, or to alternatively grant a stay of proceedings for 120 days. (Doc. 183 at 1). Plaintiff continues to allege that the surgery on his right hand and the recovery time needed for his hand impairment justify a stay of proceedings. (*Id.* at 5). Plaintiff alleges that his doctor provided an updated work excuse form on September 27, 2018, which indicates he is unable to write. (*Id.*) (citing Doc. 174-1).

Plaintiff's motions (Docs. 174, 175, 180, 181, 182, 183) are **DENIED**. After review of plaintiff's motions and attachments, the Court finds that plaintiff has failed to show good cause for reconsideration of the Court's August 2018 Order denying his motion to stay and has failed to show good cause justifying a 120 day stay of proceedings in this lawsuit. Plaintiff's updated work status forms from September 27, 2018 and November 5, 2018 again do not indicate the length of time plaintiff may be unable to use his right hand, and a stay of proceedings for 120 days given the nature of plaintiff's hand impairment appears inordinately long and unnecessary. This case has a complex procedural history and has been on the Court's docket since 2013. Contrary to the interest of judicial economy and fairness to defendants, a stay of proceedings for 120 days would needlessly delay a resolution of this matter. In addition, for the reasons previously stated by this Court (Doc. 66), plaintiff has articulated no exceptional circumstances justifying an appointment of counsel in this case. Plaintiff is **ORDERED** to file a response in opposition to defendants' motion for summary judgment (Doc. 178) within **twenty-eight (28) days** of the date of this Order or risk dismissal of his lawsuit under Fed. R. Civ. P. 41(b) for failure to prosecute.

**IT IS SO ORDERED.**

Date: 1/3/19

Karen L. Litkovitz
United States Magistrate Judge