UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| ROY A. DURHAM, JR.,<br>Plaintiff, | Case No. 1:13-cv-226<br>Black, J.<br>Litkovitz, M.J. |
| vs. | |
| ROB JEFFREYS, et al.,<br>Defendants. | **ORDER** |

Plaintiff, a former inmate at the Warren Correctional Institution ("WCI") in Lebanon, Ohio initiated this action in April 2013 by filing a pro se complaint under 42 U.S.C. § 1983 challenging his treatment at WCI where he was incarcerated from October 2011 to April 1, 2012. This matter is before the Court on plaintiff's motion for a stay, motion to reopen discovery, and motion for an extension of time to respond to defendants' motion for summary judgment. (Doc. 188).

In his motion, plaintiff again explains that his psychological/mental health conditions make it difficult for him to litigate this action. (Doc. 188 at 2). Plaintiff seeks to reopen discovery and requests a stay of litigation. (*Id.* at 2-7). Alternatively, plaintiff requests an additional fourteen days to respond to defendants' motion for summary judgment. (*Id.*).

For the reasons previously stated by this Court, plaintiff's motion is **DENIED** in its entirety. With respect to plaintiff's request to reopen discovery, the Court previously granted plaintiff's requests for certain items of discovery, but limited his requests to information and records relating to his claims against the six defendants from alleged incidents at WCI occurring between October 2011 and April 1, 2012. (Doc. 165). Defendants subsequently filed a notice of completion of discovery. (Doc. 166). Plaintiff's request for additional discovery is irrelevant to the alleged incidents at WCI occurring between October 2011 and April 1, 2012. (*See* Doc. 188

at 3-7). With respect to plaintiff's motion to stay, the Court again notes that a stay of proceedings is not justified in this case. As the Court previously explained, "[t]his case has a complex procedural history and has been on the Court's docket since 2013." (Doc. 184 at 2). Granting a stay of proceedings to allow plaintiff to reopen discovery—after defendants filed their motion for summary judgment in November 2018—would be contrary to the interests of judicial economy and fairness to defendants, and it would needlessly delay a resolution of this matter. Finally, on February 7, 2019, after fully considering plaintiff's argument that his mental health conditions have prevented him from conducting effective and timely litigation in this matter, the Court ordered plaintiff to file a response to defendants' motion for summary judgment within thirty days. (Doc. 186). The Court noted, in bold print, that no further extensions of time would be granted. (*Id.*). Accordingly, plaintiff's motion to reopen discovery, motion for a stay, and motion for an extension of time to respond to defendants' motion for summary judgment (Doc. 188) are **DENIED**.

**IT IS SO ORDERED.**

Date: 3/22/19

Karen L. Litkovitz
United States Magistrate Judge