# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| ROY A. DURHAM, JR.,<br>Plaintiff, | Case No. 1:13-cv-226<br>Black, J.<br>Litkovitz, M.J. |
| vs. | |
| ROB JEFFREYS, et al.,<br>Defendants. | **ORDER AND REPORT AND<br>RECOMMENDATION** |

Plaintiff, a former inmate at the Warren Correctional Institution ("WCI") in Lebanon, Ohio initiated this action in April 2013 by filing a pro se complaint under 42 U.S.C. § 1983 challenging his treatment at WCI where he was incarcerated from October 2011 to April 1, 2012. This matter is before the Court on defendants' motion for summary judgment (Doc. 178). Plaintiff has not filed a response in opposition to the motion.[1]

## I. Procedural Background

This case has a lengthy procedural history. Plaintiff filed his initial complaint in April 2013 and was granted leave to proceed *in forma pauperis* in June 2013. Soon thereafter, plaintiff filed a motion for leave to amend the complaint, which was granted in light of a recent decision by the Sixth Circuit in *LaFountain v. Harry*, 716 F.3d 944 (6th Cir. 2013). On August 1, 2013,

---

[1] After defendants filed their motion for summary judgment on November 29, 2018, plaintiff filed several motions for extension of time to respond to the motion, as well as for a stay of proceedings. (Docs. 180, 181, 182, 183). On January 3, 2019, while the Court denied plaintiff's motion for a stay, it granted plaintiff until January 31, 2019 to file a response to defendants' motion for summary judgment. (Doc. 184). Plaintiff subsequently filed another motion for extension of time to respond to defendants' motion for summary judgment (Doc. 185), which the Court granted on February 7, 2019 and ordered that plaintiff file a response by March 7, 2019. (Doc. 186). The Court noted, in bold print, that no further extensions of time would be granted. (Doc. 186 at 2). Plaintiff has subsequently filed objections to the Court's February 7, 2019 order and also filed another motion for extension of time, motion for stay, and motion to reopen discovery (Doc. 188). On March 22, 2019, the Court denied plaintiff's motion in its entirety and again noted that no further extensions of time would be granted (Doc. 189). To date, plaintiff has not filed a response in opposition to defendants' motion for summary judgment, although he has filed several other pretrial motions for extensions of time to file objections to the magistrate judge's orders, to stay proceedings, and for discovery and in camera review. (Docs. 190, 191, 192, 193, 194, 195, 196). Consistent with its February 7, 2019 order, the Court declines to consider any additional extensions of time and will rule on defendants' motion for summary judgment. To the extent plaintiff seeks extension of time to file objections to the undersigned's orders, those motions are properly addressed to the district court judge.

plaintiff filed a 339-page amended complaint against 99 defendants, challenging his treatment at WCI (as alleged in the original complaint), as well as his treatment over the course of several years at various penal institutions in Ohio. (Doc. 20). On August 19, 2013, the undersigned found that the amended complaint failed to comply with Fed. R. Civ. P. 8(a) and ordered plaintiff to resubmit another amended complaint limited to 20 pages and "to causes of action that arose in a location that is covered by this Court's venue jurisdiction (*i.e.*, Warren Correctional Institution) based on incidents occurring within two years of the filing of the instant action." (Doc. 22). Plaintiff filed a second amended complaint in accordance with the August 2013 Order on September 9, 2013. (Doc. 28).[2] On October 17, 2013, plaintiff requested leave of Court to submit approximately 230 pages of exhibits that were referenced in the second amended complaint. (Doc. 30). On November 22, 2013, the undersigned granted plaintiff's request and held that the exhibits were to be considered as attached to plaintiff's second amended complaint. (Doc. 35 at 3, 11) (granting plaintiff's motion to submit exhibits, Docs. 30, 34). The undersigned also conducted a *sua sponte* review of plaintiff's second amended complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) and recommended dismissal of several of plaintiff's claims. (*See id.* at 10-11).

In June 2014, defendants' first motion for judgment on the pleadings was denied. (Doc. 57). On November 26, 2014, the undersigned issued a Report recommending that plaintiff's motion for leave to file a third amended complaint be denied and that plaintiff's claims against the unserved defendants named in the second amended complaint be dismissed in their entirety. (Doc. 69). The District Judge adopted this recommendation on December 31, 2014. (Doc. 75).

---

[2] Plaintiff's second amended complaint remains the operative complaint in this case.

Defendants filed a second motion for judgment on the pleadings on the issue of exhaustion of administrative remedies. (Doc. 65). The undersigned converted defendants' motion into one for summary judgment and on July 2, 2015, the undersigned issued a Report and Recommendation that defendants' motion be granted. (Doc. 93). The District Judge adopted the Report and Recommendation and terminated this case from the docket of this Court. (Doc. 102).

Plaintiff filed a notice of appeal to the Sixth Circuit. (Doc. 104). In September 2016, the Sixth Circuit vacated this Court's grant of summary judgment to defendants in this case and remanded for further proceedings. (Doc. 108).

On March 14, 2017, the undersigned issued a Report and Recommendation that plaintiff's second motion to file a third amended complaint be denied. (Doc. 137). On May 31, 2017, the District Court adopted the Report and Recommendation, but inadvertently ordered the case be terminated from the docket of this Court. (Doc. 140). On June 12, 2017, plaintiff filed a notice of appeal of the District Court's Order terminating his case. (Doc. 143).

On June 29, 2017, the District Court filed a notice of intent to enter an amended order pursuant to Fed. R. Civ. P. 60(a) and reopen plaintiff's case, vacate its May 31, 2017 Order, and replace it with an amended order adopting the March 14, 2017 Report and Recommendation without terminating the case in order to allow plaintiff's remaining claims to proceed. (Doc. 145). On September 13, 2017, the Sixth Circuit dismissed plaintiff's appeal and granted the District Court leave to issue an amended order, which it issued on January 2, 2018. (Docs. 149, 154). This background forms the basis for the Court to now resolve defendants' motion for summary judgment, which was filed on November 29, 2018.

## II. Motion for Summary Judgment (Doc. 178)

### A. Standard

A motion for summary judgment should be granted if the evidence submitted to the Court demonstrates that there is no genuine issue as to any material fact, and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). A grant of summary judgment is proper if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." *Satterfield v. Tennessee*, 295 F.3d 611, 615 (6th Cir. 2002). The Court must evaluate the evidence, and all inferences drawn therefrom, in the light most favorable to the non-moving party. *Satterfield*, 295 F.3d at 615; *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio*, 475 U.S. 574, 587 (1986); *Little Caesar Enters., Inc. v. OPPC, LLC*, 219 F.3d 547, 551 (6th Cir. 2000).

The trial judge's function is not to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine factual issue for trial. *Anderson*, 477 U.S. at 249. The trial court need not search the entire record for material issues of fact, *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479-80 (6th Cir. 1989), but must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251-52. "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita*, 475 U.S. at 587. "In response to a properly supported summary judgment motion, the non-moving party 'is required to present some significant probative evidence which makes it necessary to resolve the parties' differing

4

versions of the dispute at trial.'" *Maston v. Montgomery Cty. Jail Med. Staff Pers.*, 832 F. Supp. 2d 846, 849 (S.D. Ohio 2011) (quoting *Sixty Ivy St. Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987)).

Because plaintiff is a pro se litigant, his filings are liberally construed. *Spotts v. United States*, 429 F.3d 248, 250 (6th Cir. 2005) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (stating that the Court holds pleadings of pro se litigants to less stringent standards than formal pleadings drafted by lawyers)); *Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999) (pro se plaintiffs enjoy the benefit of a liberal construction of their pleadings and filings). However, a party's status as a pro se litigant does not alter his duty to support his factual assertions with admissible evidence. *Maston*, 832 F. Supp.2d at 851-52 (citing *Viergutz v. Lucent Techs., Inc.*, 375 F. App'x 482, 485 (6th Cir. 2010)). When opposing a motion for summary judgment, a pro se party cannot rely on allegations or denials in unsworn filings. *Id.* (citing *Viergutz*, 375 F. App'x at 485).

### B. Facts on Summary Judgment

The pertinent allegations[3] contained in plaintiff's second amended complaint are summarized as follows:

1. Defendants Johnson and Reese were deliberately indifferent to plaintiff's safety in contravention of his constitutional Eighth Amendment right to be free from cruel and unusual punishment by telling various inmates that plaintiff is a snitch. (Second Amended Complaint, Doc. 28 at ¶ 38) ("Claim One")

2. On December 9, 2011, defendant Keesler was deliberately indifferent to plaintiff's safety in violation of his Eighth Amendment right to be free from cruel and unusual punishment by failing to take reasonable measures to abate the risk of attack on plaintiff. (*Id.* at ¶ 42) ("Claim Two")

---

[3] The second amended complaint includes additional allegations against previously named defendants. (*See* Doc. 28 at 3-4). Plaintiff's claims against these defendants have been dismissed. (*See* Docs. 69, 75).

5

3. On December 18, 2012, defendant Little was deliberately indifferent to plaintiff's safety in contravention of his Eighth Amendment rights by failing to take reasonable measures to abate the attack on plaintiff. (*Id.*) ("Claim Three")

4. Defendant Johnson was deliberately indifferent to plaintiff's safety in contravention of his constitutional Eighth Amendment right to be free from cruel and unusual punishment by failing to appropriately conduct the protective control hearing and investigation and failing to take reasonable measures to abate the risk of attacks on plaintiff. (*Id.* at ¶ 39) ("Claim Four")

5. Defendant Jeffreys was deliberately indifferent to plaintiff's safety in contravention of his constitutional Eighth Amendment right to be free from cruel and unusual punishment by failing to take reasonable measures to prevent plaintiff from ongoing harassment resulting from his objecting to being placed in protective control at Lebanon Correctional Institution, Ross Correctional Institution, and WCI. (*Id.* at ¶ 53) ("Claim Five")[4]

6. Defendants Sheets, Keesler, Johnson, and Little were deliberately indifferent to plaintiff's safety in contravention of his constitutional Eighth Amendment right to be free from cruel and unusual punishment by failing to take reasonable measures to abate the risk of attacks on plaintiff by his cell mates while he was in segregation at WCI. (*Id.* at ¶ 37) ("Claim Six").[5]

**C. Resolution**

    **a. Claim One**

Defendants argue that summary judgment should be granted in their favor on plaintiff's claim that defendants Johnson and Reese told various inmates that plaintiff was a snitch. (Doc. 178 at 4). Defendants argue that even assuming these allegations are true, verbal harassment does not establish an Eighth Amendment violation.

It is well-settled that "[v]erbal harassment or idle threats by a state actor do not create a constitutional violation and are insufficient to support a section 1983 claim for relief." *Wingo v. Tennessee Dep't of Corr.*, 499 F. App'x 453, 455 (6th Cir. 2012) (citing *Ivey v. Wilson*, 832 F.2d

---

[4] In addition to the pleading itself, plaintiff's second amended complaint incorporates approximately 240 additional pages of documents submitted by plaintiff as exhibits. (*See* Docs. 30, 34, Ex. 1). To the extent these documents are relevant to the determination of defendants' motion, they will be discussed in the body of this opinion.

[5] The Sixth Circuit also summarized these six claims as the only remaining claims in this case. (Doc. 108 at 2).

6

950, 955 (6th Cir. 1987)). Therefore, to the extent plaintiff's allegation may be construed as verbal harassment, summary judgment should be granted to defendants Johnson and Reese. Moreover, to the extent being labeled a "snitch" could make an inmate a target for other prisoners' attacks, there is no Eighth Amendment deliberate indifference claim without any resulting physical harm stemming from being labeled a snitch. *See Thompson v. Mich. Dep't of Corrections*, 25 F. App'x 357, 359 (6th Cir. 2002) (affirming district court's dismissal where "[plaintiff's] claim that he was endangered by being labeled a snitch was unsupported by any allegation of resultant harm"). *See also White v. Trayser*, No. 10-cv-11397, 2011 WL 1135552, at *5 (E.D. Mich. Mar. 25, 2011) (and cases cited therein); 42 U.S.C. § 1997e(e) ("No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury."). Plaintiff has not alleged when defendants Reese and Johnson allegedly called him a snitch. Nor has he alleged any connection between this alleged statement and a specific incident of actual physical injury by any inmate who allegedly heard the statement and acted on it. In the absence of any allegations or evidence showing a connection between allegedly being called a snitch and some resultant physical harm, summary judgment should be granted for defendants Johnson and Reese.

### b. Claim Two

Defendants move for summary judgment on plaintiff's Eighth Amendment deliberate indifference claim against defendant Keesler for his alleged failure to abate a December 9, 2011 attack on plaintiff. (Doc. 178 at 5-6). Defendants argue that plaintiff cannot show he was incarcerated under conditions posing a substantial risk of serious harm and that defendant Keesler knew of such risk and disregarded the risk. (*Id.* at 5).

The Eighth Amendment requires that prison officials "take reasonable measures to guarantee the safety of the inmates." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). To establish an Eighth Amendment claim against prison officials based on their failure to protect the plaintiff from attack by other inmates, a plaintiff must present evidence showing that the defendants' conduct amounted to "deliberate indifference" to a known risk of harm. *Farmer*, 511 U.S. at 837. *See also Woods v. Lecureux*, 110 F.3d 1215, 1222 (6th Cir. 1997). Deliberate indifference includes both objective and subjective elements. *Bishop v. Hackel*, 636 F.3d 757, 766 (6th Cir. 2011); *Curry v. Scott*, 249 F.3d 493, 506 (6th Cir. 2001). The objective element requires the harm to be "sufficiently serious." *Id.* (quoting *Farmer*, 511 U.S. at 834). Therefore, "the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm." *Id.* The subjective element focuses on whether prison officials "had a sufficiently culpable state of mind." *Id.* This requires that prison officials know that inmates face a substantial risk of harm and "disregard[] that risk by failing to take reasonable measures to abate it." *Farmer*, 511 U.S. at 847. Prison officials must exhibit more than lack of due care for a prisoner's safety before an Eighth Amendment violation will be found. *Id.* at 835. "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837. It is not enough that the official "should" have perceived a significant risk, but did not. *Id.*

As evidence in support of their motion for summary judgment, defendants submit an informal complaint written by plaintiff to the warden on December 9, 2011, which states that plaintiff's mother called staff members at WCI after plaintiff complained to her about his cellmates. (Doc. 178-3 at 13). Plaintiff states he then met with defendant Keesler, who informed plaintiff that his only options were to move into segregation or return back to his cell until a

8

decision was made to move him to a new cell. (*Id.* at 13-14). Plaintiff chose to return to his cell. (*Id.* at 14). Plaintiff states that defendant Keesler then informed plaintiff that they could place him in a cell with another "soft" inmate. (*Id.*). Plaintiff refused this option and was told he needed to write a statement before returning back to his unit. (*Id.*). Plaintiff wrote that defendant Keesler took him to segregation and made him write a statement that he "was not in fear for [his] life." (*Id.* at 15). Plaintiff wrote that "[a] simple in house move could have prevented any further problems with the paticular [sic] inmates which occupied the cell with me." (*Id.*).

The Court finds that summary judgment should be granted to defendant Keesler on plaintiff's Eighth Amendment claim because no genuine dispute exists as to whether defendant Keesler was deliberately indifferent to a known risk of harm to plaintiff. Plaintiff has not produced evidence showing that defendant Keesler acted with deliberate indifference or had knowledge of a sufficiently serious risk of harm to plaintiff.[6] The evidence submitted by defendants—plaintiff's informal complaint to the warden—establishes that plaintiff only made conclusory allegations that his cell assignment presented a safety concern. *Blacker v. Satterthwaite*, No. 1:08-cv-874, 2011 WL 6338851, at *6 (S.D. Ohio Oct. 14, 2011) (Report and Recommendation) ("In order to prove the objective element of his claim, Plaintiff must do more than allege a generalized concern for his safety and welfare"), *adopted*, 2011 WL 6370054 (S.D. Ohio Dec. 19, 2011). Moreover, the evidence establishes that defendant Keesler did not subjectively "disregard" any risk of harm to plaintiff. Rather, he took reasonable measures to

---

[6] In failing to file a memorandum in opposition to defendants' motion for summary judgment, plaintiff has failed to offer any facts or evidence to support his claims. The facts therefore presented by defendants are undisputed. Plaintiff's second amended complaint from September 2013 is unverified and does not satisfy his burden to respond to defendants' motion for summary judgment. Nevertheless, the Court will consider the 240 pages of exhibits (*see* Docs. 30, 34) submitted into the record with plaintiff's second amended complaint, but declines to comb through these records to make any legal arguments for plaintiff.

address any potential harm, including offering to move plaintiff to segregation and eventually placing plaintiff in the cell with another "soft" inmate. The evidence does not support a finding that defendant Keesler knew plaintiff faced a "substantial risk of harm" and "disregard[ed] that risk by failing to take reasonable measures to abate it." *Farmer*, 511 U.S. at 847. Accordingly, plaintiff has not satisfied the objective or subjective component of his Eighth Amendment claim against defendant Keesler for failure to protect. Summary judgment should be granted to defendant Keesler on plaintiff's Eighth Amendment claim.

### c. Claim Three

Defendants move for summary judgment on plaintiff's failure to protect claim against defendant Little in relation to a December 18, 2011 attack.[7] (Doc. 178 at 6). Plaintiff alleges in an unsworn statement attached as an exhibit to his second amended complaint that on December 18, 2011, he got into a dispute with another inmate over use of the telephone. (Doc. 30 at 66). The other inmate, who told plaintiff not to use a certain telephone, started punching plaintiff and gathered other inmates to fight plaintiff in the porter closet. (*Id.*). At some point, plaintiff's mother called WCI to express her concerns about plaintiff's cellmates. (*Id.*). Plaintiff states that defendant Little responded to the situation by coming to plaintiff's housing unit to discuss his "ongoing problems with the inmates in [plaintiff's] cell and the unit." (*Id.*). Plaintiff alleges that defendant Little talked to plaintiff on December 18, 2011 in a "room which had a big picture window." (*Id.*). When plaintiff eventually returned to his cell, his cellmates believed he was "snitching" to Little and subsequently assaulted him. (*Id.*).

Defendants present evidence of defendant Little's incident report from December 18, 2011. (Doc. 178-3 at 6). In the incident report, defendant Little states that he talked with

---

[7] Plaintiff alleges in his second amended complaint that the attack happened on December 18, 2012; however, the undisputed evidence shows that the attack occurred on December 18, 2011.

10

plaintiff about the conversation that he had with plaintiff's mother over her concerns that plaintiff was not getting along with his cellmates. (*Id.*). Defendant Little asked plaintiff if he felt as if he was in danger and feared for his life to which plaintiff responded that he did not. (*Id.*). Defendant Little had plaintiff call his mother to assure her that they were "in the process of working on a solution to his problem." (*Id.*). About three hours after the conversation with plaintiff, defendant Little received a call that plaintiff had been assaulted by his three cellmates. (*Id.*). At that time, plaintiff was removed from his cell, placed in handcuffs, and escorted to the officer's waiting desk to await defendant Little's arrival. (*Id.*). Upon his arrival, defendant Little noticed plaintiff had minor injuries and instructed that he be escorted to mental health services. (*Id.*). When interviewed by Lieutenant Marty Jones on December 23, 2011, plaintiff refused to complete and sign a form for a request to be placed in protective custody. (*Id.* at 5).

The evidence presented by defendants demonstrates no genuine dispute of fact as to whether defendant Little was deliberately indifferent in failing to abate the December 18, 2011 attack on plaintiff. Plaintiff communicated to defendant Little that he was not in danger and did not fear for his life. Thus, objectively, plaintiff has not presented evidence to show that he was incarcerated under conditions posing a substantial risk of serious harm. In addition, plaintiff has not presented evidence that subjectively, defendant Little acted with a culpable state of mind. Defendant Little's incident report demonstrates that he talked to plaintiff (and plaintiff's mother) about plaintiff's concerns with his cellmates. (Doc. 178-3 at 6). Plaintiff informed defendant Little that he did not fear for his life. (*Id.*). Almost three hours later, defendant Little, who was not at the scene of the incident, received a call that plaintiff had been assaulted by his cellmates and responded to the scene. (*Id.*). Thus, the evidence fails to demonstrate deliberate indifference. Defendant Little responded reasonably by first communicating with plaintiff about

11

his safety concerns and responding to the scene of the incident after being informed that plaintiff was assaulted. Summary judgment should be granted to defendant Little on plaintiff's Eighth Amendment claim.

### d. Claim Four

Defendants move for summary judgment on plaintiff's claim that defendant Johnson failed to properly conduct a protective control hearing, investigate plaintiff's claims, and abate the risk of attacks by other inmates. (Doc. 178 at 8). In his second amended complaint, plaintiff alleges that defendant Johnson, the Protective Control Committee Chairperson, violated his Eighth Amendment rights by failing to "appropriately conduct" the protective control hearing and investigation and failing to take reasonable measures to abate the risks of attacks on plaintiff. (Doc. 28 at ¶ 39).

Defendants present records showing that plaintiff requested protective control in December 2011 based on an alleged ongoing conspiracy against him. (Doc. 178-2 at 1-31). After an investigation, plaintiff's request for protective control was disapproved by Warden Sheets on January 19, 2012. (*Id.* at 28). Plaintiff subsequently objected to the protective control decision. (*Id.* at 2). On March 7, 2012, the Ohio Department of Rehabilitation and Correction ("ODRC") affirmed the decision, stating that there was "insufficient evidence to support the need for placement in protective control." (*Id.* at 1).

Here, the records presented by defendants demonstrate no genuine dispute of fact as to whether the protective control hearing and investigation was appropriately conducted. Plaintiff's objection to Warden Sheets's protective control decision argues that defendant Johnson refused to accept his evidence and make it a part of the record. (Doc. 178-2 at 2). Even construing this allegation in the light most favorable to plaintiff, plaintiff has failed to demonstrate how

12

defendant Johnson's actions amount to deliberate indifference. In dismissing a plaintiff's Eighth Amendment claim based on the denial of a request for protective custody placement, this Court previously stated:

> While the decision is not the one which Plaintiff prefers, we find no evidence that prison administrators are ignoring his complaints or are being deliberately indifferent to a known risk. "[A] prison's internal security is peculiarly a matter normally left to the discretion of prison administrators." *Rhodes v. Chapman*, 452 U.S. 337, 349 n. 14 (1981). "Prison administrators . . . should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." *Bell v. Wolfish*, 441 U.S. 520, 547 (1979). Such deference does not insulate from review actions taken in bad faith and for no legitimate purpose, but it requires that the Court not "freely substitute [its] judgment for that of officials who have made a considered choice." *Whitley v. Albers*, 475 U.S. 312, 322 (1986). The Court should defer to the judgment of prison officials on plaintiff's protective custody placement in the absence of substantial evidence showing such deference is not warranted. Plaintiff has failed to establish an Eighth Amendment claim for deliberate indifference.

*Conley v. Warden*, No. 1:07-cv-737, 2008 WL 4657084, at *5 (S.D. Ohio Oct. 21, 2008). Likewise, plaintiff has failed to present evidence showing that defendant Johnson's role in conducting the protective custody hearing amounted to an Eighth Amendment violation. On the contrary, the evidence submitted by defendants establishes that plaintiff's request for protective custody was heard and investigated, and a decision was rendered initially by the warden and affirmed on appeal by the ODRC. Plaintiff's disagreement with the ultimate outcome and the manner in which the hearing was conducted is insufficient to establish that defendant Johnson was deliberately indifferent to a known risk of harm. Summary judgment should be granted to defendant Johnson on plaintiff's Eighth Amendment claim.

### e. Claim Five

Defendants move for summary judgment on plaintiff's claim that defendant Jeffreys failed to protect plaintiff from ongoing harassment and attacks by inmates after plaintiff objected

13

to the protective control recommendations. (Doc. 178 at 9). In his second amended complaint, plaintiff alleges that defendant Jeffreys never responded to his objections to the protective control decision, which were filed in June and July 2012. (Doc. 28 at ¶ 53).

Defendants present evidence that defendant Jeffreys carefully reviewed plaintiff's objections to the protective control denial and concluded that plaintiff's claims could not be substantiated. (Doc. 178-2 at 1-4).

Like plaintiff's claim against defendant Johnson, which the Court has recommended dismissal, plaintiff has failed to establish that defendant Jeffreys's actions in denying his request for protective control amounts to an Eighth Amendment violation. As stated above, the evidence submitted by defendants establishes that plaintiff's request received a thorough investigation, initial decision, and decision on appeal, which was conducted by defendant Jeffreys. In the absence of any evidence disputing the actions taken by defendant Jeffreys, the Court must defer to the decision of prison officials charged with making protective control decisions. Therefore, summary judgment should be granted in favor of defendant Jeffreys on plaintiff's Eighth Amendment claim.

### f. Claim Six

Defendants move for summary judgment on plaintiff's claims that defendants Sheets, Keesler, Little, and Johnson failed to "abate" attacks on plaintiff by his cellmates while he was housed in segregation. (Doc. 178 at 10). Defendants argue that these claims fail because plaintiff has failed to establish that these defendants were on notice of any specific risk of harm while plaintiff was housed in segregation. (*Id.*). Defendants present evidence that plaintiff was placed in segregation in February 2012 after stating he would commit "homicidal acts" on any cellmate he came into contact with at WCI. (Docs. 178-6 at 10; 178-7 at 2).

14

In the supporting exhibits to his second amended complaint, plaintiff wrote in an unsworn statement to ODRC and WCI officials on April 9, 2012 that he was assaulted by inmate Wilkins while in segregation. (Doc. 30 at 192). Plaintiff stated that inmate Wilkins antagonized him, instigated altercations, and was involved with the plots/conspiracy against him. (*Id.* at 193). Plaintiff also stated in the letter that he and inmate Wilkins got into a dispute over toilet paper in early April 2012, which resulted in plaintiff being punched. (*Id.*). Plaintiff stated that "before the correctional officer in segregation responded to the cell Wilkins and I were in, the fight had ended and there were no punches thrown when the correctional officer arived [sic]." (*Id.* at 194).

Here, plaintiff's unsworn seconded amended complaint and supporting exhibits, including the April 9, 2012 statement, all of which were not signed under penalty of perjury, do not constitute evidence to show that there is a genuine issue of material fact for trial. *See Maston*, 832 F. Supp. 2d at 851-52 (holding that a pro se party cannot rely on allegations or denials in unsworn filings when opposing a motion for summary judgment). In addition, these documents fail to even indicate that defendants Sheets, Keesler, Little, and Johnson were aware of any substantial risk to plaintiff's safety while he was housed in segregation. Accordingly, because plaintiff has failed to submit any evidence creating a genuine issue of fact as to whether defendants Sheets, Keesler, Little, and Johnson were deliberately indifferent in failing to abate an attack on him by inmate Wilkins, summary judgment should be granted to these defendants on plaintiff's Eighth Amendment claim.

### D. Conclusion

Based on the foregoing, it is **RECOMMENDED** that:

1. Defendants' motion for summary judgment (Doc. 178) be **GRANTED** in its entirety and this case is **CLOSED** on the docket of this Court.

15

It is **ORDERED** that:

1. Plaintiff's "Motion for a Court Order Subpoena for Production of Documents; and Motion for In Camera Inspection" (Doc. 196) is **DENIED** as **MOOT**.

Date: 8/8/19

Karen L. Litkovitz
United States Magistrate Judge

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

ROY A. DURHAM, JR.,
   Plaintiff,

vs.

ROB JEFFREYS, et al.,
   Defendants.

Case No: 1:13-cv-226
Black, J.
Litkovitz, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).